189 So.2d 481 (1966)
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, Petitioner,
v.
N.B. BRAMLETT, E.A. Summerall and Wife, Meakle A. Summerall, Gulf Life Insurance Company, and Albert Raphael and Wife, Florence Raphael, Respondents.
No. 34848.
Supreme Court of Florida.
July 8, 1966.
Rehearing Denied September 12, 1966.
*482 P.A. Pacyna, Tallahassee, for petitioner.
Charles J. Franson, of Clark, Crider and Franson, Jacksonville, for respondents.
ERVIN, Justice.
This is a petition by the State Road Department of Florida seeking review of a final judgment in a condemnation proceeding awarding $43,500.00 as compensation for the taking of a parcel of real property identified as SRD # 100.1, 100.2, 100.3. Petitioner contends that the decision of the District Court of Appeal, First District, conflicts with the decisions of this Court and other District Courts on the same point of law. We find conflict and assume jurisdiction pursuant to Art. V, Section 4(2), Florida Constitution, F.S.A.
Respondent Summerall owned the parcel of land which was the subject of the condemnation proceeding we now review. Respondents Albert Raphael and Florence Raphael, his wife, were tenants of Summerall and operated a business on the leased premises. Raphael's business was a small general store, of more than five years' standing when the property was condemned by the State Road Department. The Raphaels were made parties defendant because of their interest under said lease, which by its terms was to expire January 4, 1966.
On May 18, 1964 during the trial of the cause a stipulation between Summerall and the State Road Department was acknowledged in which it was agreed that the value of the property taken (the land, appurtenances and the lease), excluding the business, was $38,000. On the following day Summerall and Raphael filed a stipulation agreeing that just compensation for the destruction of Raphael's "leasehold interest" was $750 and at a post-trial hearing it was stipulated that Raphael should receive that sum out of the $38,000 referred to in the stipulation between the State Road Department and Summerall.
As stated in the opinion of the District Court of Appeal, First District, 179 So.2d 137, after the filing of said stipulation the following occurred:
"At the trial Raphael was allowed to adduce testimony over petitioner's objection as to the reasonable fair market value of his business which was destroyed by petitioner's taking, under the power of eminent domain, of fee simple title to the land on which such business was conducted.
"The court informed the jury of said stipulation fixing the fair market value of the land, appurtenances and lease at $38,000.00, and instructed the jury, inter alia, that should it find from the evidence that the business operated by Raphael, taking into consideration the length of the unexpired term of the lease and other relevant factors, had a fair market value apart from the value of the land and lease, it should ascertain such value and add same to the said stipulated value of the land, appurtenances and leasehold interest and return a verdict for such total sum. The jury returned a verdict for $43,500.00, thus awarding $5,500.00 for such business damages, and petitioner moved for a new trial on the ground, inter alia, that the court erred in ruling and instructing the jury, as aforesaid, that the measure of business damage was fair market value. In its exhaustive order denying the motion for a new trial the trial court concluded that it was error to so instruct the jury, but that it had no harmful effect upon the petitioner and only prejudiced Raphael who by inaction had waived any adverse effect occasioned thereby." (Emphasis supplied.)
The District Court of Appeal, First District, went on to affirm the decision of the trial court which held, in effect, that such business damages were allowable not on the basis of, or by authority of Florida's business damage statute (F.S. § 73.10[4], F.S.A.), but rather *483 upon the requirement of the provision for full compensation in Art. 16, Section 29 of the Florida Constitution. The District Court cited in support of its holding language of this Court in Jacksonville Expressway Authority v. Henry G. Du Pree Co., 108 So.2d 289, at page 291, 69 A.L.R.2d 1445 which states:
"* * * We feel our constitutional provision for full compensation requires that the courts determine the value of the property by taking into account all facts and circumstances which bear a reasonable relationship to the loss occasioned the owner by virtue of the taking of his property under the right of eminent domain."
We agree with the holding below that the element of business damage in the instant case is not within the scope of application of F.S. § 73.10(4), F.S.A., and that the business damages awarded herein cannot be predicated upon said statute. Here, the business concerned was located on the land being taken by eminent domain rather than being located on adjoining lands as called for in F.S. § 73.10(4), F.S.A. See State Road Department v. Lewis, Fla., 170 So.2d 817. We do not, however, agree with the contention below that business damages are allowable in the instant cause by application of the provisions of the Florida Constitution as construed by this Court in Du Pree, supra. We believe that the holding below as affirmed by the District Court of Appeal stretches too far the pronouncements and principles stated by us in Du Pree.
The Du Pree case involved proceedings by an expressway authority to condemn lands of a corporation for a limited access facility. The circuit court entered a judgment for the corporation upon a verdict awarding the corporation a sum of money in full compensation for all injuries sustained by reason of the appropriation, including compensation for the reasonable cost of moving. We affirmed this decision, but in so doing noted, however, that
"* * * the current weight of authority in the United States supports appellant's contention that no compensation to the owner for the cost of moving his personal property should be allowed. * *" (Jacksonville Express. Auth. v. Henry G. Du Pree Co., Fla., 108 So.2d 289, at 291.)
The reference to "full compensation" in Du Pree clearly points out that this Court applied Art. XVI, § 29 of the Florida Constitution to the condemnation suit involved therein. This application was not longlived, however, for in Daniels v. State Road Department, 170 So.2d 846, we held, speaking through Mr. Justice Roberts, that the "full compensation" requirement of Art. XVI, § 29 of the Florida Constitution applied only to private corporation and individual condemnors and not to the State, its agencies and political subdivisions. In such proceedings involving the State, its agencies and political subdivisions, the provision to be looked to is Section 12 of the Declaration of Rights, Florida Constitution. Justice Roberts went on to say in Daniels, supra, that it is "well settled that the determination of what is just compensation for the taking of private property for public use `is a judicial function that cannot be performed by the Legislature either directly or by any method of indirection.' * * *" Thus, to this extent, Daniels is a limitation upon Du Pree. See also, Carter v. State Road Department and American Oil Co., Fla., 189 So.2d 793, opinion filed June 22, 1966.
The Du Pree decision admittedly puts Florida in a rather liberal position or category in regard to the extent and type of damages allowable in eminent domain proceedings. Concepts of justice demand that whenever the State takes the property of any individual he be adequately compensated for the actual loss occasioned by the taking. But we think we would be less than cautious and far from practical if we were to sanction what could well lead to a stampede into the field of damages in eminent domain proceedings. Allowing Du *484 Pere to be stretched and applied as contended for and allowed below could start the rush. We would hold the line.
We have stated that the instant cause is not within the scope of F.S. § 73.10(4), F.S.A., and is not able to avail itself of the business damage provision of that statute. We have also noted that due to the fact we deal with condemnation by an agency of the State, to wit, the State Road Department of Florida, the applicable provision regarding compensation for this eminent domain proceeding is Section 12 of the Declaration of Rights of the Florida Constitution. Thus we see that it is "just compensation" we seek to provide the Respondents herein. With this concept in mind, we call attention to the following general principles of law taken from 18 Am.Jur., § 259, Eminent Domain:
"It generally has been assumed that injury to a business is not an appropriation of property for which compensation must be made * * *. It would be impracticable to forbid all laws which might result in such damage, unless they provided a quid pro quo * * * [A] business is less tangible in nature and more uncertain in its vicissitudes than the rights which the Constitution undertakes absolutely to protect * * *. Accordingly, it may be stated as a general rule that injury to business or loss of profits, or the inconvenience of carrying on business in a new location is not to be considered as an element of damages in eminent domain proceedings in the absence of a statute expressly allowing such damages, even under a constitutional provision allowing just compensation for property taken, injured, or destroyed * * *."
We do not feel that the element of damages here sought is a proper subject for application of the provisions of the Florida Constitution as construed by this Court in the Daniel and Du Pree cases, supra. Rather, we would concur with the pronouncement of Mr. Justice Hobson (Ret.) in Florida East Coast Railway Company v. Martin County, Fla., 171 So.2d 873, wherein he said that this Court "probably went the last mile" in the Du Pree case, which he also authored, in regard to damage awards in eminent domain proceedings. We believe that our state's requirement of "just compensation" is adequately met by an award covering the value of the land, appurtenances, the leasehold and damages to remaining land or property. See, for example, Jones v. Brown, Fla., 82 So.2d 889; Natural Gas & Appliance Co. v. Marion County, Fla., 58 So.2d 701; Dade County v. Brigham, Fla., 47 So.2d 602, 18 A.L.R.2d 1221; Edwards v. Miami Shores Village, Fla., 40 So.2d 360; State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868; and City Mortgage & Bond Company v. Nassau County, 119 Fla. 676, 160 So. 667. Also Carter v. State Road Department and American Oil Co., supra.
For the reasons stated herein we hold that the trial court and the District Court of Appeal erred in awarding business compensation in addition to the value of the land, appurtenances and lease.
Accordingly, the judgment appealed is hereby reversed and remanded to the Circuit Court for proceedings consistent with the views herein expressed.
Petition by respondents Albert Raphael and Florence Raphael, his wife, for attorneys' fee is denied.
THORNAL, C.J., and DREW, O'CONNELL and HOBSON (Retired), JJ., concur.