CHARLES CARROLL, Chief Judge.
The appellant, one of the defendants in a case of eminent domain, held a lease on a parcel of land owned by the defendant Elmore Daniels. The lease was made in 1961 and was for a period of ten years. The appellant had operated a business thereon from inception of the lease.
On trial the jury made an award of $197,705 for the property taken, plus moving expense of $3,602.50 to the owner, and found no special or “business damages” for the lessee. On this appeal, the lessee, contending it was entitled to receive damages to its business, assigned as error certain rulings on evidence relating to its income or profit from its business. Those assignments and the arguments presented thereon are without merit. This is so because, as averred in the appellant’s answer and stated in appellant’s brief, all of the leased premises on which its business was located were taken on condemnation. Under the applicable law (§ 73.071(3) (b) Fla.Stat., F.S.A.) business damages are recoverable by an owner (or a lessee) only for a business (of more than five years’ standing) “located upon adjoining lands owned or held by such party.” See State Road Department v. Bramlett, Fla.1966, 189 So.2d 481, 483; Guarria v. State Road Department of Florida, Fla.App.1960, 117 So.2d 5, 6. In such circumstance the lessee is relegated to receiving from the jury’s award the value of his leasehold interest to be determined and apportioned by the trial judge, as provided for in § 73.101 Fla.Stat., F.S.A. See Carter v. State Road Department, Fla.1966, 189 So.2d 793.
Affirmed.