322 So.2d 510 (1975)
John E. JAMESSON, D/B/a Stag & Doe Cocktail Lounge and Package Store and Abbess Enterprises, Inc., D/B/a the Lemon Tree Restaurant, Defendants-Appellants,
v.
DOWNTOWN DEVELOPMENT AUTHORITY of the CITY OF FORT LAUDERDALE, a Public Corporation, Plaintiff-Appellee, and
Reiss Realty Company, a Florida Corporation, et al., Defendants-Appellees.
No. 45460.
Supreme Court of Florida.
September 24, 1975.
Carl V. Wisner, Jr., Fort Lauderdale, for John E. Jamesson, and Robert A. White, of Allsworth, Doumar, Schuler, Padula & Laystorm, Fort Lauderdale, for Abbess Enterprises, Inc., defendants-appellants.
Donald H. Norman, of Ross, Norman & Cory, and Elliott B. Barnett, of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for appellee.
Geoffrey B. Dobson and Winifred Sheridan Smallwood, Tallahassee, for the Department of Transportation, amicus curiae.
ENGLAND, Justice.
This case is here on direct appeal from an order of the Broward County Circuit Court which initially and directly construed Article X, § 6 of the Florida Constitution (1968). We have jurisdiction to review that court's decision pursuant to Article V, § 3(b)(1) of the Florida Constitution (1972).
*511 Appellee initiated a condemnation proceeding in order to acquire certain parcels of real property in downtown Fort Lauderdale. Appellants each held a leasehold interest in a building located in the affected area claiming that they derived a profit from the respective businesses which they operated in those leased facilities. Appellants moved the trial court for permission to submit evidence of "business damages" which would result from the condemnation. Their motion was denied. Subsequently, the trial court incorporated that denial into a final judgment which held that where there is a complete taking of real property and resulting payment to the owner, the business damages or loss of profits of lessees and sub-lessees are not elements of damage under the constitution or the Florida condemnation statutes.
The Florida Constitution (1968) provides that "No private property shall be taken except for a public purpose and with full compensation therefor... ."[1] Appellants argue that this provision of the constitution requires compensation for their business damages. We disagree.
The right to business damages is a matter of legislative grace, not constitutional imperative.[2] Lost profits and business damages are intangibles which generally do not constitute "property" in the constitutional sense. Backus v. Fort Street Union Depot Co., 169 U.S. 557, 18 S.Ct. 445, 42 L.Ed. 853 (1898). The Florida legislature has chosen not to allow business damages in cases where all of the condemned property has been taken and the owner has been awarded full compensation.[3] We adhere to the principle previously expressed on the same issue under the "just compensation" clause of the predecessor constitution.[4]
The order of the trial court is affirmed.
ADKINS, C.J., ROBERTS, OVERTON and DREW (Retired), JJ., and HENSLEY and MELVIN, Circuit Judges, concur.
NOTES
[1] Fla. Const. art. X, § 6 (1968).
[2] State Road Dep't v. Abel Inv. Co., 165 So.2d 832 (2d Dist.Ct.App.Fla.), cert. denied, 169 So.2d 485 (Fla. 1964). This is the predominant view in the United States. See 4, Nichols, Eminent Domain § 13.3.
[3] Section 73.071(3)(b), Fla. Stat., provides that business damages are allowable when less than an entire property has been condemned, but only if the taking may damage or destroy a business more than five years old which is located on lands adjoining the property taken. Appellants claim that the present "full compensation" clause incorporates both the "full compensation" and the "just compensation" clauses of the 1885 Constitution (Section 29 of Article XVI and Section 12 of the Bill of Rights, respectively). The suggestion is made that Section 73.071, Fla. Stat., antedates the constitutional change, leaving an unreasonable classification in the statutes which is at odds with the 1968 Constitution. If the legislation is constitutionally infirm, however, we could only invalidate the allowance of those business damages now allowable by law, an action that would not benefit appellants since their claim is predicated on the constitutional meaning of "full" compensation rather than any statutory prescription.
[4] State Road Dep't v. Bramlett, 189 So.2d 481 (Fla. 1966). See also Intercoastal Drydock, Inc. v. State Road Dep't, 203 So.2d 19 (3d Dist.Ct.App.Fla. 1967), cert. denied, 210 So.2d 223 (Fla. 1968).