425 So.2d 1161 (1983)
Louis FLORIO and Angela Florio, His Wife, Appellants,
v.
CITY OF MIAMI BEACH, a Florida Municipal Corporation; and City of Miami Beach Redevelopment Agency of the City of Miami Beach, Pursuant to the Florida Community Redevelopment Act, Fsa 163, Appellees.
No. 82-578.
District Court of Appeal of Florida, Third District.
January 4, 1983.
Rehearing Denied February 14, 1983.
*1162 Brigham, Moore, Muir, Gaylord, Schuster & Sachs and Toby Brigham, Miami, for appellants.
John A. Ritter, City Atty., and Lucia T. Allen, Chief Asst. City Atty., Dubbin, Berkman, Dubbin & Greenfield and Arnold M. Weiner, Miami, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
At the time the plaintiff/appellant landowner acquired a parcel of real estate in the City of Miami Beach located in the subsequent dedicated redevelopment area[1] it had on it a structure which was vacant and under citations for building code violations. Thereafter an order from the Unsafe Structure Board was entered requiring the building to be removed or for construction on renovation to commence within ninety days. The landowner failed to submit proper plans to secure the renovation but did secure successive extensions of the deadline for removal. The landowner and the city negotiated for a number of years in an attempt to secure a proper renovation of the structure and the time for removal of the structure continued to be advanced.
The landowner ultimately brought an action alleging "condemnation blight" and seeking inverse condemnation against the City. The trial judge denied the relief sought and left the landowner with his remedy of securing a rehabilitation permit.
The landowner appeals and basically contends that there was a "taking" of his property by it being included in the redevelopment area. We disagree for several reasons. Although the property may have been included in the redevelopment area, renovation thereof was not prevented by the redevelopment ordinance, because the ordinance permitted the property to be utilized until such time as there was a taking. It also permitted the property owner to redevelop his property in a manner compatible with the redevelopment plans and retain private ownership. The landowner was prevented from utilizing the improvement thereon primarily because it was an unsafe structure. No proceedings were ever instituted to upset the finding that the improvement was, in fact, an unsafe structure, and subject to removal originally on November 19, 1974.
A confiscatory zoning ordinance[2] or building regulation applied to real property which does not completely deprive a landowner of use of his land may properly be the subject matter of litigation to strike the ordinance or regulation as applied to the land in question, but is not normally the subject of inverse condemnation. Burritt v. Harris, 172 So.2d 820 (Fla. 1965); Mailman Development Corporation v. City of Hollywood, 286 So.2d 614 (Fla. 4th DCA 1974); Kasser v. Dade County, 344 So.2d 928 (Fla. 3d DCA 1974); Town of Indialantic v. McNulty, 400 So.2d 1227 (Fla. 5th DCA 1981).
Therefore, the final judgment here under review is affirmed.
Affirmed.
NOTES
[1] See State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1980).
[2] The redevelopment ordinances or regulations are actually zoning ordinances. Zoning Ordinances, City of Miami Beach, § 22.