LEHAN, Judge,
dissenting.
Tampa-Hillsborough County Expressway Authority (the “Authority”) appeals an award to appellees of business damages in this eminent domain action.
In 1979 the Authority filed a petition in eminent domain and a declaration of taking to condemn certain parcels of appellees’ property as rights-of-way for construction of the Tampa-South Crosstown Expressway. Appellee Campoamor Modern Feed, Inc. filed responsive pleadings and claimed business damages. Campoamor alleged that the taking of part of its land precluded further use of the remainder of the property for its established business (a dairy farm), compelling Campoamor to shut down business.
The Authority filed a motion in the trial court to determine that section 73.071(3)(b), Florida Statutes (1981), is unconstitutional. The trial court denied the motion. After a trial, the jury awarded appellees $301,070 for business damages in addition to damages awarded for the condemned land.
The Authority appeals the business damage award and contends that section 73.-071(3)(b), Florida Statutes (1981), is an unconstitutional violation of the Authority’s right to equal protection under the law. The Authority argues that the statute allows business damages to be awarded to an owner of property partially taken by eminent domain proceedings, whereas an owner whose property is entirely taken cannot be similarly compensated under Florida law. I agree with the Authority’s contention, would grant appellant’s motion for rehearing, and would, therefore, reverse. I would find the Authority’s remaining points to be either without merit (consistent with the majority) or moot (under the result of this dissent).
Appellees argue that the Authority lacks standing to challenge the constitutionality of the statute because the Authority is not a member of the class affected by the alleged unequal protection, i.e., the Authority is not an owner of property entirely taken by eminent domain. “[0]ne who is not himself denied some constitutional right or privilege cannot be heard to raise constitutional questions on behalf of some other person who may at some future time be affected.” Steele v. Freel, 157 Fla. 223, 25 So.2d 501, 503 (Fla.1946). Also, as a general rule ministerial public officials charged with the duty of administering a legislative *923 enactment cannot raise the question of its unconstitutionality. Barr v. Watts, 70 So.2d 347 (Fla.1953).
One exception to that general rule, however, is when the official’s administration of the enactment in question will require the expenditure of public funds. Arnold v. Shumpert, 217 So.2d 116 (Fla.1968); Kaulakis v. Boyd, 138 So.2d 505 (Fla.1962); State ex rel. Florida Portland Cement Co. v. Hale, 129 Fla. 588, 176 So. 577 (Fla.1937). In this case, the enactment in question would require the Authority to use public funds to pay business damages to appellees. Therefore, I would find that the Authority has standing to challenge the constitutionality of section 73.071(3)(b).
Section 73.071(3)(b) provides that compensation for a taking of private property shall include:
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by ... [a] public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause....
The language of section 73.071(3)(b) has been strictly construed to allow business damages only when the affected business is located on property adjoining the appropriated land and not when the business is located entirely on the land taken by eminent domain. See Guarria v. State Road Department, 117 So.2d 5 (Fla. 3d DCA 1960).
Owners of businesses located on appropriated lands, who were not entitled to relief under section 73.071(3)(b), have at times tried to claim damages under Florida constitutional provisions relating to eminent domain. In State Road Department v. Bramlett, 179 So.2d 137 (Fla. 1st DCA 1965), the trial court instructed the jury that, in determining the compensation to be awarded for a taking of land on which a business was entirely located, the jury was entitled to consider the value of the damage caused by the destruction of the business which was of more than five years’ standing and was owned and operated by a lessee of the property owner. The First District Court of Appeal held that these business damages were not allowable under Section 73.10(4), Florida Statutes (1963), which was identical in substance to the current section 73.071(3)(b). The court held, however, that there was harmless error by the trial court because the business damages were proper under Article XVI, Section 29, Florida Constitution (1885), and Section 12 of the Declaration of Rights, Florida Constitution (1885).
The Florida Supreme Court reversed this decision in State Road Department v. Bramlett, 189 So.2d 481 (Fla.1966). The supreme court agreed that business damages could not be awarded under the business damage statute because the business was located on the taken land rather than on adjoining lands. The court did not agree, however, that the Florida Constitution would support the damage award. The supreme court noted that the district court’s decision had relied, at least in part, on an earlier supreme court decision, Jacksonville Expressway Authority v. Henry G. DuPree Co., 108 So.2d 289 (Fla.1958), which had allowed compensation in an eminent domain case to be paid to a property owner for the reasonable cost of moving.
In Bramlett, the supreme court pointed out that the damages in the DuPree case had been awarded under the “full compensation” clause of Article XVI, Section 29, Florida Constitution (1885), but that subsequent to DuPree the supreme court had held in Daniels v. State Road Department, 170 So.2d 846 (Fla.1964), that the “full compensation” requirement of Article XVI, Section 29, Florida Constitution (1885), applied only to condemnations by private corporations and individuals. In eminent domain proceedings involving the state or its *924 agencies or political subdivisions, the applicable provision was Section 12 of the Declaration of Rights, Florida Constitution (1885), which required “just compensation.”
The Bramlett supreme court opinion decided that “just compensation” did not include damages for a business located on property taken by eminent domain. “We believe that our state’s requirement of ‘just compensation’ is adequately met by an award covering the value of the land, appurtenances, the leasehold and damages to remaining land or property.” Bramlett, 189 So.2d at 484.
The present Florida Constitution no longer contains separate requirements for “just compensation” for condemnation by the state and “full compensation” for condemnation by a private entity. The constitution now provides: “No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner....” Art. X, § 6, Fla. Const. (1968). The supreme court’s decision in Bramlett seems to have been based on its finding that “just compensation” did not require an award of damages for a business located on appropriated property, and the court did not address the question of whether such damages for the taking of private property for public use must be included in an award of “full compensation.”
If business damages are required under the “full compensation” clause of the present Florida Constitution for a taking of land on which a business is entirely located, then section 73.071(3)(b), which provides for business damages for a taking of land adjacent to land on which a business is located, is not a denial of equal protection because owners of businesses on taken property and owners of businesses on land of theirs adjoining their taken property would be treated alike.
However, in Jamesson v. Downtown Development Authority, 322 So.2d 510 (Fla. 1975), the supreme court found that business damages are not allowable under the “full compensation” clause of the 1968 constitution. Jamesson involved a taking of land on which a business was entirely located but did not meet the issue of whether section 73.071(3)(b) is a denial of equal protection. In Jamesson, owners' of leasehold interests in condemned property requested permission at trial to submit evidence of business damages which would result from the condemnation. The trial court denied the motion and held in the final judgment that where an owner is paid for the complete taking of his property, the business damages or loss of profits of lessees are not elements of damage under the Florida Constitution or condemnation statutes; The supreme court agreed, stating
The right to business damages is a matter of legislative grace, not constitutional imperative. Lost profits and business damages are intangibles which generally do not constitute “property” in the constitutional sense. The Florida legislature has chosen not to allow business damages in cases where all of the condemned property has been taken and the owner has been awarded full compensation. We adhere to the principle previously expressed on the same issue under the “just compensation” clause of the predecessor constitution.
322 So.2d at 511.
The supreme court noted that the appellants in Jamesson had suggested that a decision interpreting the “full compensation” clause as not requiring the award of business damage's for a business located on taken property (which was the holding of Jamesson) would mean that section 73.071, which predated the 1968 constitution, contained an unreasonable classification. But the court declined to address the alleged unequal protection brought about by section 73.071 apparently because the appellants lacked standing to raise that issue; if the statute were found to be constitutionally infirm, the court could only invalidate the business damages allowable under the statute which would not have benefited the appellants in that case who were requesting business damages under Article X, Section 6 of the Constitution. 322 So.2d at 511, n. 3.
In the case now before us, invalidation of the business damages statute would benefit *925 the Authority and is exactly the relief that the Authority requests. Therefore, unlike the situation in Jamesson, this case presents squarely the question of whether section 73.071(3)(b) is an unconstitutional denial of equal protection.
In Jamesson, the supreme court held that business damages are not required by the Florida Constitution and are to be awarded only if provided for by statute. As noted above, section 73.071(3)(b) has been interpreted to allow business damages only if the business is located adjacent to, not entirely on, the taken property. No statute has been cited to us, and I know of none, which authorizes an award for damage to a business entirely located on property taken by eminent domain. Thus, the two classes of business owners — those with businesses located entirely on taken property and those with businesses located on property which is adjacent to their taken property— appear to be treated unequally in Florida by virtue of the business damages payable under section 73.071(3)(b).
Unequal classifications do not necessarily violate the equal protection clause. The legislature has wide discretion in creating statutory classifications. North Ridge General Hospital, Inc. v. City of Oakland Park, 374 So.2d 461, 464 (Fla.1979). However, “[t]he classic criterion for assessing the validity of a statutory classification is whether that classification rests upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.” State v. Lee, 356 So.2d 276, 279 (Fla.1978). The party attacking the classification has the burden of showing that it is arbitrary and unreasonable. North Ridge General Hospital, Inc. v. City of Oakland Park, 374 So.2d at 465.
In this case, I agree with the Authority that no fair and proper purpose, within the foregoing supreme court criteria, exists in compensating one class of property owners (those whose property is partially taken) for business damages under section 73.071(3)(b) while denying that same type of compensation to other property owners (those whose property is entirely taken). There is no reasonable basis for concluding that owners of property which is taken and on which a business is entirely located suffer from the damage or destruction of their businesses any less than owners of property on which a business is located and which is adjacent to property which is taken. Such an unequal classification is arbitrary and unreasonable. Therefore, I would hold that section 73.-071(3)(b) is unconstitutional as a denial of equal protection. There is no issue before us as to whether under the constitution owners of property which is taken and on which a business is entirely located should be compensated for business damages; that has been established in the negative by the Florida Supreme Court in Jamesson.
Accordingly, I would reverse and remand for a new trial at which appellees’ claimed damages would be considered under the same standards as those applied to owners of taken property on which a business was entirely located. These damages, which do not include business damages, see James-son, may encompass the value of the land taken, appurtenances thereto and relocation expenses. See Bramlett, 189 So.2d at 484, and DuPree.
I find no merit in appellees’ points raised on cross appeal.
Because the Florida Supreme Court has not had the opportunity to rule on the precise issue which this opinion has addressed, I would certify to the supreme court the following question as of great public importance.
Is section 73.071(3)(b), Florida Statutes (1981), an unconstitutional denial of equal protection because it authorizes an award for damage to or destruction of a business located on property adjacent to property taken by eminent domain while the owner of a business entirely located on property taken by eminent domain is allowed no business damages under Florida law?