448 So.2d 1141 (1984)
FLORIDA POWER AND LIGHT COMPANY, a Florida Corporation, Appellant,
v.
FIRST NATIONAL BANK AND TRUST COMPANY OF RIVIERA BEACH, As Trustee, et al., Appellees.
Nos. 82-2516, 83-9.
District Court of Appeal of Florida, Fourth District.
April 11, 1984.
Rehearing and Motion to Certify Question of Importance Denied May 14, 1984.
William E. Sadowski and Barry R. Davidson of Steel, Hector & Davis, Miami, for appellant.
Paul A. Turk, Jr., of Gunster, Yoakley, Criser & Stewart, Palm Beach, for appellees.
WALDEN, Judge.
This is an eminent domain proceeding. The condemnor was Florida Power and Light Company, a private, investor-owned electric utility. The property owner was Hobe Groves, Inc. The trial court ruled that Florida Power was a "public body" within the definition found in Section 73.071(3)(b), Florida Statutes (1981). Based upon that ruling, Hobe Groves received an award of $99,000.00 as business damages. Additionally, Hobe Groves received an award of attorney's fees in the sum of $45,000.00, which award was enhanced by the mentioned ruling. Florida Power appeals. We reverse the award of business damages. We reverse the award of attorney's fees and remand for a new hearing as to it to be conducted without regard to the award of business damages and the attorney's work done in that connection.
There is no challenge as to constitutionality in this appeal.
The critical statute allowing business damages is Section 73.071(3)(b), Florida Statutes (1981) which provides:
(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
(b) Where less than the entire property is sought to be appropriated, any damages *1142 to the remainder caused by the taking, including, when the action is by the Division of Road Operations of the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages;
The dispositive point is whether or not Florida Power is a "public body" within the definition and intendment of the above statute. We hold that it is not such a body and, hence, is not liable to pay the condemnee business damages.
It is to be remembered that the right to business damages is strictly a matter of legislative grace, not constitutional imperative. Lost profits and business damages are intangibles which generally do not constitute "property" in the constitutional sense. Jamesson v. Downtown Development Authority of the City of Fort Lauderdale, 322 So.2d 510 (Fla. 1975); Matthews v. Division of Administration, State of Florida, Department of Transportation, 324 So.2d 664 (Fla. 4th DCA 1975). 27 Am.Jur.2d, Eminent Domain, § 285 explains:
Many authorities have assumed or held that injury to a business is not an appropriation of property for which compensation must be made. While no doubt a business may be property in a broad sense of the word, and property of great value, and while it may be assumed that there might be such a taking of it as required compensation, yet a business is less tangible in nature and more uncertain in its vicissitudes than the rights which the Constitution undertakes absolutely to protect. The diminution of its value is a vaguer injury than the taking or appropriation with which the Constitution ordinarily deals. A business might be destroyed by the construction of a more popular street into which travel was diverted, as well as by competition, but generally there would be as little claim in the one case as in the other. Ordinarily, the case stands no differently when the business is destroyed by a taking of the land on which it was carried on, except so far as it may have enhanced the value of the land. Accordingly, it may be stated as the view which has been followed by most of the authorities that injury to a business or loss of profits or the inconvenience of carrying on business in a new location, are not to be considered elements of damages in eminent domain proceedings in the absence of a statute expressly allowing such damages, even under a constitutional provision allowing just compensation for property taken, injured, or destroyed. This view applies not only where the property on which the business is conducted is taken but also where the property is damaged but not taken.
Entitlement to business damages under the statute clearly requires the taking be a public body, i.e., by a governmental agency or political subdivision of the State. Florida Power and Light not being within that class could not be required to pay business damages.
We find the statute in question to be clear and unambiguous and hence not subject to enlargement or construction. Thus, while we may agree that facially it is unfair for a property owner upon having his property taken by eminent domain to be subject to different standards of compensation depending upon the identity of the condemnor, we feel that the remedy belongs within the legislative domain.
We reverse the award of business damages. We reverse the award of attorney's fees and remand for new hearing to be *1143 conducted without regard to the award of business damages.
REVERSED AND REMANDED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.