## FLORIDA POWER & LIGHT COMPANY v. PORTER, et al.

### Case No. 81-252 CA

Seventh Judicial Circuit, St. Johns County

February 20, 1985

### APPEARANCES OF COUNSEL

**Ron A. Adams, Steel, Hector & Davis,** for petitioner.

**Geoffrey B. Dobson, Meredith, Dobson, Ready & Reynolds,** for defendants.

### OPINION OF THE COURT

RICHARD O. WATSON, Circuit Judge.

This cause was heard upon Petitioner's motions to exclude and/or strike damage claims.

Defendants, Maltby, claim damages of $8,000.00 ($100.00 per acre) as severance damages for herbicide and fertilizer which Defendants claim eroded away when 80 acres of their potato farm were flooded

during construction of a transmission line after the taking. Defendants claim that the flooding occurred because a drainage culvert under the right of way was accidently crushed by a contractor hauling a load of dirt across it.

Petitioner contends the claim is a tort claim totally unrelated to the issues of compensation and must be sought in a separate tort action. Defendants, Maltbys, contend that if the project has been completed prior to the condemnation trial those damages must be sought in the condemnation suit.

The rule followed in Florida was set forth in *Division of Admin. Dept. of Tr. v. Hillsboro Ass'n, Inc.*, 286 So.2d 579 (4th DCA 1973):

"Severance damages, i.e., the damages to the remainder when less than the entire property is appropriated, is the damage caused by the taking. It does not include that which is consequential as a result of the manner in which the construction is performed. . . If the damages result from negligence or misconduct in performing the construction, they would be the proper subject of a separate action in tort (where sovereign immunity is waived) or the proper subject of the claims bill (as was done in this case)."

See also *State Dept. of Transp. v. Donahoo*, 412 So.2d 400 (Fla. 1st DCA 1982). The Oklahoma rule cited by Defendants has merit, but the Court is bound by the Florida rule.

Petitioner's second motion seeks to exclude evidence of damage based upon a reduction in the net productivity of Defendants' property, including but not limited to alleged damages of $8,139.00 due to an increase in the cost of maintaining a drainage ditch for Defendants' potato farm. Defendants contend that the guy wires anchoring the transmission line towers interfere with certain machinery used to maintain a ditch lying outside of and parallel with Petitioner's easement. According to Defendants a machine used to remove vegetation and other debris from a drainage ditch can no longer move in a straight line down the side of the ditch closest to the easement, but must take additional time to go around the guy wires which results in increased labor costs of $813.90 per year. Capitalizing that cost in perpetuity at an annual rate of 10%, Defendants seek damages of $8,139.00. Defendants contend these are severance damages.

The $8,139.00 represents the increased cost of farming the remaining tract. In *Florida Power and Light Company v. First National Bank and Trust Company of Rivera Beach*, 448 So.2d 1141 (4th DCA 1984), the Court denied the condemnee damages representing the increased cost of spraying citrus trees due to the transmission lines' interference

**169**

with aerial spraying. There are no material differences in *First National Bank* and the case before the Court.

It is therefore,

ORDERED

1. Petitioner's motions are granted.

2. Defendants shall not introduce evidence of the damage caused by the flooding as a result of the crushed culvert.

3. Defendants shall not introduce evidence of damages based upon a reduction on the net productivity of the remaining tract, including but not limited to alleged damages of $8,139.00 due to the increase in the cost of maintaining a drainage ditch for Defendants' potato farm.