511 So.2d 602 (1987)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, and Joe Woodard and Louise Woodard, His Wife, Appellants/Appellees,
v.
CURELLI, DOUGLAS, McCLASKEY, COLLINS N/K/a Sasser and L & M Auto Parts and Charles Sasser, et al., Appellees/Appellants.
Nos. 85-2174, 85-2571 and 86-88.
District Court of Appeal of Florida, Third District.
June 2, 1987.
Rehearing Denied September 10, 1987.
*603 Robert A. Ginsburg, Co. Atty. and Thomas Goldstein, Asst. Co. Atty.; Franz Eric Dorn, III, Miami, for appellants/appellees.
Brigham, Moore, Gaylord, Schuster & Sachs and J. Christy Wilson, III, Robert N. Reynolds, and Henry Hunter, Miami, for appellees/appellants.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is a consolidated appeal from a final judgment and cost orders entered in an eminent domain proceeding. The property owners appeal the final judgment; Metropolitan Dade County, the condemning authority, appeals the cost orders.
The property owners raise five points on appeal. First, it is urged that the trial court erred in denying the appellant Clarence McClaskey compensation for the loss in value of his business inventory allegedly caused by the taking in this case. We cannot agree. Business damages of this nature are not compensable where, as here, there is a total taking of real property, as opposed to a partial taking. See Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla. 1983); § 73.071(3)(b), Fla.Stat (1985). Second, it is urged that an evidentiary error was committed below. No discussion here would be useful as, plainly, no reversible error is shown by this point. Third, the remaining three points urged on appeal relating to (a) the jury verdict, (b) the service of summons on appellant Charles Sasser, and (c) the final argument of Dade County's counsel to the jury  have not been preserved for appellate review by proper objection below and do not otherwise present fundamental error. Dubowitz v. Century Village East, Inc., 385 So.2d 1116, 1117 (Fla. 4th DCA 1980); Nelson v. Reliance Insurance Co., 368 So.2d 361 (Fla. 4th DCA 1978); Florida Antilles Properties, N.V. v. Rose & Rose, Inc., 324 So.2d 129 (Fla. 3d DCA 1976).
Dade County, in turn, attacks the propriety of the trial court's costs award of certain fees to two expert property appraisers hired by the property owners. Dade County presents no persuasive reason as to why these awards are excessive. It instead argues that the fees awarded are more than the fees paid by Dade County to its expert property appraiser and that the trial court did not otherwise explain how it arrived at its figures. This showing, in our view, falls far short of establishing that the trial court abused its discretion in making these awards. Moreover, the fee awards *604 are otherwise fully supported by expert testimony adduced below as to the reasonableness of the fees. See Dade County v. Brigham, 47 So.2d 602 (Fla. 1950).
The final judgment and costs orders under review are in all respects
Affirmed.
HUBBART and NESBITT, JJ., concur.
FERGUSON, Judge (dissenting).
I would reverse and remand for a new trial.
During closing argument to the jury the assistant county attorney, using a pad or easel, wrote the words "Greatest Real Estate Eminent Domain" vertically in large letters. Counsel for property owners say they were unable to see the writing without moving away from their seats. After the jury retired, counsel saw that the first letters of the words were enclosed in one circle to spell "GREED." At the time the words were written and encircled the county was making an argument that the property owners were making excessive claims.
At another point during the trial the assistant county attorney referred to a property owner's auto salvage business, derogatorily, as a junkyard. Then the county caused a civil service summons to be served on one of the property owners in the presence of the jury. When the owner sought to confer with his attorney the officer threw the papers at his feet.
In another argument, designed to appeal to the jurors' personal interest as taxpayers, it was said:
When the government takes funds out of its coffer, out of its accounts and pays it to property owners for full compensation, it is not yellow, pink, orange or white. It is green. It is real. It is dollar bills.
Appellants-property owners complain that the remarks and actions of the County created an atmosphere in the courtroom which so infected the trial that they had no chance to fairly demonstrate that the compensation offered for their lands was unjust.
The Florida Supreme Court in Conner v. State Road Dept. of Florida, 66 So.2d 257, 259-60 (Fla. 1953), condemned similar prejudicial remarks of the government in an eminent domain action:
There was no excuse whatever for making such remarks. They were out of context, impertinent and had no place in the argument, neither was there any basis in the evidence or the record for them... . They contained a sectional appeal, an unfair and a prejudicial implication ... . if it is a fact that just compensation for the lands taken and damage to those left was not awarded, the owner should have a chance to demonstrate it to a jury free from bias or prejudice... . Attorneys should not permit their zeal and enthusiasm for their client's cause to lead them into making argument to the jury, appealing to their personal, or selfish, interest, or to inflame prejudice... .
Even in the absence of contemporaneous objections the acts and remarks, considered collectively, made for a proceeding which was so fundamentally unfair as to require reversal. Seaboard Air Line R.R. v. Strickland, 88 So.2d 519 (Fla. 1956); Borden Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986).