513 So.2d 157 (1987)
Odell O. SASNETT, Appellant,
v.
TAMPA ELECTRIC COMPANY, et al. Appellees.
No. 86-2538.
District Court of Appeal of Florida, Second District.
August 12, 1987.
Rehearing and Rehearing Denied October 1, 1987.
*158 Raymond T. Elligett, Jr., and Charles P. Schropp, of Shackleford, Farrior, Stallings, & Evans, P.A., Tampa, for appellant.
Ellen J. Neil and Toni L. Kemmerle, of Holland & Knight, Tampa, for appellee Tampa Elec. Co.
Rehearing and Rehearing En Banc Denied October 1, 1987.
HALL, Judge.
In this eminent domain proceeding, Odell O. Sasnett appeals from the final judgment denying his request for business damages under section 73.071(3)(b), Florida Statutes (1985). We affirm.
The appellee, Tampa Electric Company (TECO), a private, investor-owned electric utility, petitioned to appropriate a portion of the appellant's land for a right-of-way to construct power lines and their supporting structures. The appellant owned and operated a mobile home park on the land for seventeen years prior to the commencement of the proceedings. In his answer, the appellant requested business damages, claiming that the partial taking would harm his remaining business on the contiguous land since the mobile home residents would not want to live in such close proximity to the proposed power lines. TECO filed a motion to strike the claim for business damages on the ground that it was not a "public body" and, therefore, not required to pay business damages under section 73.071(3)(b). The trial court granted the motion to strike such damages on the basis of Florida Power & Light Co. v. Florida National Bank & Trust Co., 448 So.2d 1141 (Fla. 4th DCA 1984), and awarded the appellant $423,000.00, less 1986 taxes due, as full compensation for the property. The stipulated final judgment expressly stated that "Sasnett may appeal ... this Court's striking of his claim for business damages."
The statute allowing business damages, section 73.071(3)(b), provides:
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages.
The Fourth District Court of Appeal in Florida Power & Light Co. construed the statute as providing business damages to an established business of more than five years when the taking is by a public body, i.e., by a governmental agency or political subdivision of the state, but as providing no such damages when the taking is by a privately owned entity. The appellant in this case argues that under the Fourth District's construction, the statute is unconstitutional as a denial of equal protection and due process.
Article X, section 6(a), Florida Constitution (1985), provides that "[n]o private property shall be taken except for a public purpose and with full compensation *159 therefor paid to each owner or secured by deposit in the registry of the court and available to the owner." Full compensation consists of two elements, the value of the property taken and severance damages to any remainder. Division of Administration, State Department of Transportation v. Grant Motor Co., 345 So.2d 843 (Fla. 2d DCA 1977). Business damages and lost profits do not constitute a part of the constitutionally protected concept of "just" or "full" compensation since they are intangibles which generally are not property in the constitutional sense. State of Florida Department of Transportation v. Fortune Federal Savings & Loan Association, 507 So.2d 1172 (Fla. 2d DCA 1987). See also Jamesson v. Downtown Development Authority, 322 So.2d 510 (Fla. 1975).
The right to business damages is strictly a matter of legislative grace. As the court stated in Florida Power & Light Co.,
while we may agree that facially it is unfair for a property owner upon having his property taken by eminent domain to be subject to different standards of compensation depending on the condemnor, we feel that the remedy belongs within the legislative domain.
448 So.2d at 1142.
We agree with the appellee's argument that the appellant lacks standing to challenge the constitutionality of the statute as the appellant would not benefit from a finding by this court that the statute is unconstitutional. We cannot rewrite the statute to include the damages which the appellant seeks in this case. That is strictly a legislative function, and the appellant must look to the legislature for such relief.
Accordingly, we affirm the final judgment.
DANAHY, C.J., and UPCHURCH, FRANK D., JR., Associate Judge, concur.