534 So.2d 796 (1988)
Joseph AMERKAN, Appellant,
v.
CITY OF HIALEAH, Florida, Appellee.
No. 87-133.
District Court of Appeal of Florida, Third District.
November 22, 1988.
Rehearing Denied December 28, 1988.
*797 Ferdie & Gouz and Ainslee Ferdie, Coral Gables, for appellant.
Paul, Landy, Beiley & Harper and Robert M. Sondak, Miami, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the defendant Joseph Amerkan from a final judgment entered upon a jury verdict in an eminent domain action. Amerkan raises various points on appeal to upset the award of $200,000 which he received for the taking of his property on the theory that the award was inadequate. We conclude that none of these points rise to the level of reversible error and only one requires discussion.
Amerkan contends that the trial court erred in dismissing his counterclaim and in granting the City of Hialeah's motion in limine at the outset of the trial below. These orders precluded Amerkan from seeking to recover, as business damages, two years of lost rental income which Amerkan claims he would have collected had there not been a two-year delay between the City's notice to Amerkan's tenant, the Daisy Boutique, that it intended to condemn Amerkan's property and the actual institution of condemnation proceedings. It appears, without dispute, that the City, pursuant to HUD regulations and 42 U.S.C. § 4622(a), was required to give such notice to the Daisy Boutique, which leased retail space on Amerkan's property, of the impending condemnation action and the availability of federal relocation assistance. Subsequently, the Daisy Boutique did relocate to a nearby location; because of the threat of condemnation, Amerkan was unable to replace the tenant and claims this lost rent as business damages. We conclude that the trial court was eminently correct in dismissing the aforesaid claim.
It is well settled in Florida that business damages do not constitute part of the constitutionally protected concept of "just" or "fair" compensation in an eminent domain proceeding  although the legislature, by statute, may allow for such damages. Jamesson v. Downtown Dev. Auth. of Ft. Lauderdale, 322 So.2d 510, 511 (Fla. 1975); State Road Dept. v. Bramlett, 189 So.2d 481, 484 (Fla. 1966); State, Dept. of Transp. v. Fortune Fed. Sav. & Loan Ass'n, 507 So.2d 1172, 1176 (Fla. 2d DCA 1987), quashed on other grounds, 532 So.2d 1267 (Fla. 1988); City of Miami v. Coconut Grove Marine Properties, Inc., 358 So.2d 1151, 1154 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 932 (Fla. 1979). Section 73.071(3)(b), Florida Statutes (1985), provides in pertinent part that compensation for business damages may be awarded in an eminent domain proceeding "[w]here less than the entire property is sought to be appropriated... ." Accordingly, lost rent and other profits are not recoverable in an eminent domain proceeding where, as here, there has been a total taking of the owner's property. Metropolitan Dade County v. Curelli, Douglas, McClaskey, Collins, 511 So.2d 602, 603 (Fla. 3d DCA 1987) (citing Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926 (Fla. 1983), rev. denied, 520 So.2d 585 (Fla. 1988)); Division of Admin., State Dept. of Transp. v. Grant Motor Co., 345 So.2d 843, 845 (Fla. 2d DCA 1977); Guarria v. State Road Dept., 117 So.2d 5, 6 (Fla. 3d DCA 1960). Amerkan was therefore not entitled to recover his business damage losses in this eminent domain proceeding involving a total taking of his property.
Nor can there be any viable claim, as urged, for tortious interference with the landowner's contractual relation with the *798 Daisy Boutique. This is so because, as previously noted, the City of Hialeah was legally required by 42 U.S.C. § 4622(a) and the implementing HUD regulations [24 C.F.R. § 42.205] to give notice of the impending condemnation to the Daisy Boutique and therefore cannot possibly be held liable for giving such notice and thus interfering with Amerkan's lease contract with the Daisy Boutique; any such interference was obviously a legally justified one which, by definition, negates one of the essential elements of this tort, namely, that the alleged interference must be an unjustified interference. See, e.g., Nitzberg v. Zalesky, 370 So.2d 389 (Fla. 3d DCA 1979); Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 1st DCA), cert. denied, 249 So.2d 36 (Fla. 1971).
Affirmed.
HUBBART and DANIEL S. PEARSON, JJ., concur.
BARKDULL, Judge, dissenting.
I respectfully dissent from so much of the majority opinion affirming the trial court in respect to damages for delay in the "taking". It can be concluded from all the authority cited and relied upon by the majority that these cases related to business damage, either post "taking" or partial "taking". This case involves a delay in the "taking" after the government caused a business interruption pursuant to a notice filed under the authority of 42 U.S.C.A. § 4622(a). It therefore appears that the authorities relied upon by the majority are not applicable to the instant situation. The government agency should be liable for interrupting the relationship between the landowner-lessor and his tenant for loss of rental income. See in this connection authorities indicating that landowner should be made whole or indemnified for any loss. Klopping v. City of Whittier, 8 Cal.3d 39, 104 Cal. Rptr. 1, 500 P.2d 1345 (1972); Luber v. Milwaukee County, 47 Wis.2d 271, 177 N.W.2d 380 (1970).
Inverse condemnation is no answer to the landowner's problem. Any such action undoubtedly would have been met with a motion to abate because of the proceedings to redevelop the property and its surroundings pursuant to 42 USCA § 4601 et seg. Inverse condemnation has generally been held to be not applicable to redevelopment causes. See Florio v. City of Miami Beach, 425 So.2d 1161 (Fla. 3d DCA 1983).
The government interference with the landowner's rental agreement should be redressed with compensation, the same as any other party to a contract would be entitled to recover damages for interference therewith by third parties not in competition. See and compare Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla. 1985); Sloan v. Sax, 505 So.2d 526 (Fla. 3d DCA 1987); Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA 1971). To award the landowner damage for the loss of rental would only make him "whole" after the government agency had deprived him of the duly bargained for rent. The city should have to compensate him for his loss of rental income because of the delay in the "taking", and I would reverse the order dismissing the counterclaim and return the matter to the trial court for further proceedings thereon.