PER CURIAM.
Broward County, the condemnor in this eminent domain proceeding, appeals from the trial court’s order which disburses to the condemnees the total amount deposited in the court’s registry. We affirm.
Appellant filed a declaration of taking and an Eminent Domain Petition for three parcels of land, each of which contained a single-family home. It sought these parcels for its Copans Road Project. The declaration of taking stated that the County was availing itself of Chapter 74, Florida Statutes, the “quick take” procedure, which allows it to take title and possession prior to the entry of final judgment. Pursuant to section 74.031, Florida Statutes, the declaration of taking also contained an estimate of value based upon a valid appraisal of each parcel. After a hearing on the County’s petition, the trial court issued an Order of Taking. The trial court’s order contained a finding that the County’s estimate of value for each parcel had been made in good faith and that each had been based on a valid appraisal. The Order further provided that title to the parcels would vest in the County upon the County making payment into the court registry of certain sums of money for each parcel. The amounts exceeded the sums set forth in the County’s Declaration of Taking. The County did not appeal from this order. Rather, it took immediate title and possession of the parcels pursuant to Chapter 74 and appeals only from the Order which disburses the funds in the court’s registry.
An order of taking determines the legal right of a party to take immediate possession of property. As such, it has been held that the date of the taking is an integral part of a determination of the right to the property’s immediate possession. Crigger v. Florida Power Corporation, 469 So.2d 941 (Fla. 5th DCA 1985). Under the Crigger analysis, of which we approve, it follows that the amount of money ordered to be deposited with the court is also an integral part of a court’s determination of the right to immediate possession, since a condemnor has no legal right to immediate possession until that sum certain is deposited into the court’s registry.
The present record shows that the County at the hearing on the Order of Taking opposed the amounts the court ordered to be deposited in its registry. Yet, the County failed to appeal from the Order of Taking. Had the County appealed that Order, it may have had a viable appeal, as damages other than the value of the prop *427 erty taken and severance damages to the remainder, if any, do not constitute “full compensation” for taking of private property for a public purpose within the meaning of the Florida Constitution. See Sasnett v. Tampa Electric Company, 513 So.2d 157 (Fla. 2nd DCA 1987). “Full compensation” for the taking of private property for a public purpose, within the meaning of the Florida Constitution, consists of two elements: the value of the property taken and severance damages to the remainder, if any. Id. at 159. Other damages, such as business damages and lost profits, do not constitute a part of the constitutionally protected concept of “just” or “full” compensation, since they are intangibles which generally are not “property” in the constitutional sense. Id. Thus, we conclude that under this interpretation, moving expenses also do not constitute “property”. We do not address whether the trial court erred when it ordered the County to deposit in its registry an amount in excess of the good faith estimate of value, as that order is not before us.
The threshhold issue here is whether a court may order deposit of an amount in excess of the good faith estimate of value as reflected in the declaration of taking. We find no abuse of discretion and note that section 74.071 provides:
If the compensation awarded for the property by the final judgment shall exceed the amount withdrawn by the defendant, the court shall enter judgment against the petitioner for the deficiency. If the amount withdrawn exceeds the compensation awarded for the property by the final judgment, the court shall enter a judgment against such defendant for (he excess, and such judgment shall be a lien against any of his property except his homestead.
Accordingly, we affirm the trial court’s order in all respects.
DELL, GUNTHER and WARNER, JJ., concur.