766 So.2d 1080 (2000)
James W. KERN, Trustee, Appellant,
v.
MIAMI-DADE COUNTY, Appellee.
No. 3D99-3165.
District Court of Appeal of Florida, Third District.
July 5, 2000.
Rehearing Denied August 30, 2000.
Bilzin Sumberg Dunn Price & Axelrod, Stanley B. Price, and Teresa J. Urda, Miami, for appellant.
Robert A. Ginsburg, County Attorney, and Craig H. Coller and Augusto Maxwell, Assistant County Attorneys, for appellee.
Before GODERICH, SHEVIN and SORONDO, JJ.
GODERICH, Judge.
We affirm the entry of final summary judgment finding that the plaintiff, James W. Kern, lacks standing to bring the underlying declaratory action.
Kern's request for rezoning was denied by the Community Zoning Appeals Board [CZAB]. Kern appealed the decision to the Board of County Commissioners, pursuant to section 33-313, Code of Miami-Dade County[1]. At the County Commission hearing, nine of the thirteen County Commissioners were present, and all nine voted to deny the zoning request.
Kern petitioned the appellate division of the circuit court for certiorari review. Kern's petition was denied on the basis that the County Commission's decision to deny the zoning request was based on substantial competent evidence. Kern v. Miami-Dade County, Case No. 99-008 (11th Cir.Ct., App.Div., August 25, 1999). Kern's petition to this Court for certiorari review was also denied. Kern v. Miami-Dade County, Case No. 99-2438 (Fla. 3d DCA Jan. 20, 2000).
In the interim, Kern filed the action below seeking declaratory and injunctive relief. Kern alleged that section 33-313 violates the equal protection guarantees provided by the U.S. and Florida Constitutions. Kern argued that section 33-313 denies equal protection because it requires a two-thirds vote of the County Commission to reverse a CZAB decision to deny a zoning application, but only requires a simple majority vote to reverse a CZAB decision for approval. Miami-Dade County filed an answer denying that section 33-313 violated the guarantees of equal protection.
The parties filed cross-motions for summary judgment, and the trial court entered final summary judgment in favor of Miami-Dade County. Kern's appeal follows.
Miami-Dade County argues, and we agree, that Kern lacks standing to challenge the constitutionality of section 33-313 because Kern, whose rezoning application was denied unanimously, would not *1081 benefit from a finding by this Court that section 33-313 was unconstitutional. See Sasnett v. Tampa Elec. Co., 513 So.2d 157 (Fla. 2d DCA 1987).
Accordingly, we affirm.
NOTES
[1] Section 33-313 provides, in relevant part:

By resolution, the Board [of County Commissioners] shall either affirm, modify or reverse the Community Zoning Appeals Board's decision and such action of the County Commission shall be by a majority vote of all members present except that a two-thirds (2/3) vote of all members then in office shall be required to reverse any Community Zoning Appeals Board decision denying a request for zoning action or to approve any Development of Regional Impact or related request pursuant to Section 33-314 where a Community Zoning Appeals Board's recommendation is for denial.