WIGGINTON, Chief Judge.
Appellants challenge the correctness of a post-judgment order rendered in an eminent domain proceeding fixing the amount of costs and attorneys’ fees awarded them in the cause.
Appellants Plante and Phelps are stockholders in Oklawaha Hunting Club, Inc., a corporation. Prior to the commencement of this suit the Club was the owner of a tract of land in Marion County out of which it had conveyed numerous small parcels to its stockholders. The petition for condemnation filed in this cause named the Club as defendant owner of a substantial tract of land designated as Parcel 6. Appellants Plante were named as defendant owners of the small tract of land previously conveyed to them by the Club and designated as Parcel 6-K, while appellants Phelps were named as defendant owners of the tract previously conveyed to them and designated as Parcel 6-L.
In response to the petition for condemnation appellants Plante filed their answer alleging ownership of Parcel 6-K and asserting entitlement to the compensation to be paid therefor, together with a reasonable attorneys’ fee and costs. Incorporated in their answer under the patently erroneous designation of “cross-claim” is the allegation that appellants are the owners of two small hunting cabins located on the tract owned by the Club and designated as Parcel 6. They claim entitlement to the compensation to be awarded for the taking of the cabins and pray that the amount so awarded be apportioned to them out of the compensation to be fixed by the jury for the taking of Parcel 6 as a whole. Appellants Phelps filed a similar answer alleging ownership of and entitlement to the compensation to be paid for the taking of Parcel 6-L. Under a similarly erroneous designation of “cross-claim” incorporated in their answer, these appellants allege ownership of a one-fourth interest in a hunting cabin characterized as a “quadraplex” located on Parcel 6 owned by the Club. They also claim entitlement to a portion of the compensation to be awarded for the taking of the quadraplex, and pray that the amount so awarded be apportioned to them out of the compensation to be fixed by the jury for the taking of Parcel 6 as a whole.
By its verdict the jury awarded the sum of $38,000 as compensation for the taking of Parcel 6 owned by the Club; the sum of $1,950 for Parcel 6-K owned by appellants Plante; and, the sum of $1,950 for Parcel 6-L owned by appellants Phelps. Judgment was entered upon the verdict vesting in the petitioner title to the lands involved in the case.
Following rendition of judgment, appellants Plante filed their motion for entry of final judgment praying for an award to them of the amount fixed by the jury as compensation for the taking of Parcel 6-K. By this motion they also prayed for a judgment against the Club or, in the alternative, for an apportionment to them of the sum of $5,400 out of the award made by the jury for Parcel 6 as compensation for the taking of the two cabins located on Parcel 6 and owned by them. *245 Appellants Phelps likewise filed a similar motion praying for an award to them of the amount fixed by the jury as compensation for taking of Parcel 6-L, and for either a judgment against the Club or, in the alternative, for an apportionment to them of the sum of $1,650 out of the award made for Parcel 6 as compensation for the taking of their interest in the quadra-plex as alleged in their answer.
By the order appealed herein the court awarded appellants only the compensation fixed by the jury for the taking of their land described as Parcels 6-K and 6-L, but denied their motion for an apportionment of the amount awarded by the jury for the Club land described as Parcel 6, which award included the value of the cabins located thereon but owned by appellants. In the order appealed, the court found and held:
“With respect to the motions for entry of final judgment (which have the effect of seeking an apportionment of the jury’s award to the Defendant Club), it appears from the evidence heretofore adduced at the trial and from the representations of counsel, that the Defendant Club owned a large tract of land and that, prior to the institution of this eminent domain action, it conveyed portions of its property to each of its members and retained a portion of the property for itself. A map showing the Defendant Club’s property and the parcels conveyed out, was filed in evidence at the trial. The Defendants, PLANTE owned two hunting cabins which were located on property retained by the Defendant Club and within the area taken by the Petitioner. The Defendants, PHELPS, owned a 25% interest in a four-unit hunting cabin called a quadraplex, also located on land retained by the Defendant Club and within the area of the taking. These ownership interests were, and are, undisputed. The individual members who had cabins on the Defendant Club’s land were licensed to traverse the Defendant Club’s land to get access to' their cabins.
“It is also apparent that the jury adopted the valuations placed on these improvements by LEVIE D. SMITH, JR., the Petitioner’s appraiser, for the reason that for each of the parcels, 6-A through 6-N (owned by the individual club members) the jury’s verdict was exactly $300.00 above Mr. Smith’s testimony regardless of whether the individual parcel-taking consisted of land only, or of land plus improvements. In his testimony relative to the Defendant Club’s property, Mr. Smith broke his testimony down as to the value of the improvements and the value of the land. He testified that the two cabins owned by the Defendants PLANTE were valued at $1,550.00 and at $3,850.00, respectively, and that the quadraplex, in which the Defendant, PHELPS owned a 25% interest, was valued at $6,600.00.
“Counsel for the Petitioner did not contest the motions of the Defendants, PLANTE and PHELPS for the entry of a judgment against the Defendant Club, and as pointed out above, counsel for the Defendant Club failed to attend the hearing. The Court is of the opinion, however, that said motions should be denied.”
After rendition of the foregoing order the Club voluntarily paid to appellants from the compensation awarded it for the taking of Parcel 6 the amount claimed by appellants and allowed by the jury for the value of the cabins and quadraplex located on the Club’s land. Because of such payment, appellants do not assign as error the trial court’s denial of their order for an apportionment of the award made to the Club. The trial court’s order of denial does, however, form the basis of appellants’ assignments of error regarding the assessment of attorneys’ fees as hereinafter discussed.
In addition to the foregoing motion for final judgment appellants also filed a motion for an order assessing attorneys’ fees based upon the amount of compensation awarded *246 by the jury for the taking of appellants’ land described as Parcels 6-K and 6-L, together with the value of the cabins and interest in the quadraplex owned by them and located on Parcel 6 owned by the Club. This motion also prayed for an allowance of costs incurred by appellants in defense of the action.[1] In response to this motion the court rendered its order awarding to each appellant an attorney’s fee of $195, this being the equivalent of ten percent of the amount fixed by the jury as compensation for the taking of Parcels 6-K and 6-L owned by appellants. Such allowance of ten percent of the jury award was the same standard of measurement adopted by the court in fixing the amount of attorneys’ fees to be allowed all other defendants in the case. No part of the attorneys’ fee assessed by the court to appellants included a percentage of the value of the cabins and quadraplex owned by them and allowed by the jury in its verdict. Such denial was based upon the conclusion reached by the court and expressed in the order appealed that:
“ * * * here the dispute is between the Defendant Club and certain of its members owning improvements located on its property and within the area of the taking. Also, since the Court is denying relief to the Defendants, PLANTE and PHELPS on their motion for judgment against the Defendant Club, there is no additional recovery upon which to base additional attorneys’ fees.”
From the foregoing recitation contained in the order appealed, it is evident that the trial court concluded that since the cabins and quadraplex were located on and thereby constituted an integral part of the Club land, appellants’ claim to the compensation awarded for the taking of such improvements was a dispute existing between them as stockholders and the corporation in which they owned a stock interest, which dispute was not a proper matter for adjudication on appellants’ motion for apportionment of the award made to the Club. If the conclusion reached by the trial court were supported by the record before us, then his decision would be unquestionably correct. However, we do not find this to be the case.
By their answers appellants claimed ownership of the cabins located on the Club land and prayed for the compensation to be awarded for such buildings. This claim was neither disputed nor contested by the defendant Club. By the order appealed the court adjudicated appellants’ ownership of the cabins, and made findings leading but to the single conclusion that they were held, used and occupied in a manner which, as between appellants and the Club, constituted the buildings as chattels and not as fixtures incorporated in and forming a part of the realty on which they were located. In Wetjen v. Williamson[2] this court discussed the criteria and general rule to be employed in determining whether an improvement located on real estate shall be considered a chattel or a fixture. In that case the court said:
“The landmark case in Florida is Commercial Finance Company v. Brooksville Hotel Co. [98 Fla. 410, 123 So. 814, 64 A.L.R. 1219] which held that a fixture is an article which was a chattel, but which, by being physically annexed or affixed to the realty by someone having an interest in the soil, becomes a part and parcel of it. That case sets forth the three following tests to determine if an article is a fixture:
“ ‘First, actual annexation to the realty or something appurtenant thereto; second, appropriateness to the use or purpose of that part of the realty with which it is connected; and, third, *247 the intention of the party making the annexation that it shall be a permanent accession to the freehold.’
“ * * * The third test, often considered the most controlling of the three, — the intent of the party making the annexation — is determined from the nature of the article annexed, the relationship of the parties, the type of structure, mode of annexation, and the use for which the annexation was made. í}t ^ ‡ »
Under these circumstances appellants were not in the position of stockholders claiming judgment against their corporation for the value of the cabins owned by them. They occupied the position of owners of personal property being condemned by the petitioner herein, and as such were entitled to an apportionment to them of the value of the buildings out of the amount awarded by the jury for Parcel 6 as a whole, which award included the value of the improvements as testified to by petitioner’s expert witness. Even though the hunting cabins owned by appellants should be considered fixtures attached to and forming a part of the realty comprising Parcel 6 owned by the Club, it is apparent from the undisputed evidence, as well as the uncontested claim of appellants, that their interest in the compensation awarded for the taking of the cabins arises because of their admitted ownership of the buildings themselves, and not merely because they are stockholders in the Club in whose assets all stockholders have an equal interest in proportion to their stock ownerships. Since appellants’ interest in the cabins arises because of their ownership thereof, they were entitled to an apportionment to them out of the award made for Parcel 6 as a whole for the value placed upon the cabins by the witness who testified for the petitioner.[3] It follows that the amount allowed for the taking of these buildings should have been apportioned to appellants out of the amount awarded by the jury for the taking of Parcel 6. This being so, the amount of such apportionment should have been taken into consideration by the court in fixing the reasonable attorneys’ fee to be allowed appellants’ attorneys for their services in this case. In refusing to do so, the court committed error.
In their motion for an order assessing attorneys’ fees and costs, appellants represented that they were required to incur costs for appraiser’s fees, depositions, long distance telephone calls, and travel, food and lodging for their attorneys in their defense of the action. In the order assessing costs the court allowed each appellant the sum of $75 as appraisal fees, but refused to make any allowance for the amount expended for depositions on the ground that they were taken for the purpose of discovery and were not introduced in evidence during the trial. The court likewise disallowed the claim for traveling expenses incurred by appellants’ attorneys in traveling from their home in Orlando to the City of Ocala where the case was litigated, as well as long distance telephone calls and expenses of lodging and meals while in Ocala attending hearings and the trial of the case. Appellants claim that the disallowed costs were expenses reasonably and necessarily incurred by them in the defense of this action to which they were entitled under the statute.
In discussing the application of the statute which requires the petitioner in condemnation to pay all reasonable costs of the proceeding, this court in Orange State Oil Co. v. Jacksonville Expressway Authority[4] said:
“ * * * It [the statute] applies to all such necessary costs as may be incurred by the parties in procuring a final adjudication of their rights, irrespective of whether such costs are incurred during *248 the first or second stage of the proceedings contemplated by the statute.”
In discussing the same statute with respect to the allowance of costs in eminent domain proceedings, the Fourth District Court of Appeal in Cheshire v. State Road Department[5] made the following cautionary pronouncement:
“ * * * Such costs, however, as are expended are subject to the close scrutiny of the court for the purpose of determining that such costs are reasonable and were necessarily incurred in the defense of the proceeding, and should be allowed only in an amount the court determines necessary and proper. * * * ”
It is our view that whether it was reasonably necessary for appellants to take the discovery depositions procured in this case in order to properly prepare their defense to the action was a matter for the trial judge to decide in the exercise of a sound discretion. He resolved this issue against appellants for the reasons stated in his order of denial, and in our opinion appellants have failed to show that such ruling constituted an abuse of discretion. Whether it was reasonable and proper for the condemning authority to have to pay the costs of long distance telephone calls, traveling expenses, food and lodging for appellants’ attorneys, was likewise a matter falling within the sound discretion of the trial court. It is our view that under the circumstances shown by this record these are not the type of costs contemplated by the provisions of the statute, and represent litigation expenses voluntarily incurred by appellants who elected to employ counsel to represent them who lived a considerable distance from the city in which the case was being litigated. In our view the court did not abuse its discretion in disallowing these costs, and for that reason appellants’ contention must be rejected.
The order appealed is reversed in part, affirmed in part, and the cause is remanded for further proceedings consistent with the conclusions and views expressed herein.
JOHNSON and SPECTOR, JJ., concur.

. F.S. § 73.091, F.S.A.
“The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney’s fee to be assessed by that court.”

. Wetjen v. Williamson, (Fla.App.1967) 196 So.2d 461, 463, 464; See also 36 Am. Jur.2d 702, 710, Fixtures, §§ 4, 14.

. F.S. § 73.101, F.S.A.

. Orange State Oil Co. v. Jacksonville Expressway Authority, (Fla.App.1962) 143 So.2d 892, 896.

. Cheshire v. State Road Department, (Fla.App.1966) 186 So.2d 790, 791.