471 So.2d 93 (1985)
James A. DEVLIN, et al., Appellants,
v.
THE PHOENIX, INC., Appellee.
Nos. 84-796, 84-929.
District Court of Appeal of Florida, Fifth District.
May 23, 1985.
Rehearing Denied June 24, 1985.
*94 Walter T. Rose, Jr., of Rose and Weller, Cocoa Beach, for appellants.
John P. Ingle III, of Spielvogel and Goldman, P.A., Merritt Island, for appellee.
COWART, Judge.
The original lessee leased from an original owner-lessor (Mr. Murcia) a unit in a business complex for use as a restaurant. The business complex had a large common parking area. The lease did not give the original lessee any right to erect or maintain a sign in the parking area. The original lessee erected a sign in the parking area and Mr. Murcia did not object to the sign. Thereafter the present lessee (the appellee, The Phoenix, Inc.) bought the restaurant business and equipment, including the sign in the parking area, from the original lessee and entered into a new lease with Mr. Murcia. This lease also did not grant the right to erect or maintain the sign in the parking area. Thereafter Mr. Murcia conveyed the land in the entire business complex and including the leased premises, to the present owners (the appellants James A. Devlin and Ruth Stewart). The present owners took title subject to the lease but they did not assume and agree to perform Mr. Murcia's lease covenants. As part of a renovation and enhancement program the present owners removed all tenants' signs in the parking area including that owned by appellee. The present lessee filed an action for declaratory judgment, injunction and damages against the present owners. A preliminary injunction allowed the lessee to reinstate its sign in the parking area and after a combination jury and non-jury trial on the issues, the injunction was made permanent and the court adjudicated (1) the lessee owned the sign in question; (2) that by removing the lessee's sign from the parking area the present owners breached the lease for which breach the lessee was awarded $20,000 in damages; (3) that by removing the sign from the parking area the present owners converted the lessee's sign and for that conversion the lessee was awarded $5,000 in compensatory damages and $250,000 in punitive damages; (4) that under the terms of the lease the original owner, Mr. Murcia, agreed to maintain and repair the exterior of the building which lease covenant was breached when storm water entered the leased premises for which breach the lessee was awarded $1,500 as damages against the present owners; (5) that the lease by implication granted the lessee and its customers a non-exclusive right to use the parking lot in front of the restaurant and access thereto from highway A1A; (6) that certain landscaping planned by the owners would unreasonably interfere with the lessee's right to access and use of the parking lot; and (7) that the lessee failed to properly maintain certain air conditioning, *95 heating, plumbing and other equipment but such failure did not breach the lease so as to permit the present owners to terminate the lease.
Of course, every lease of a unit in a business complex with a common parking area serving many units should state the lessee's rights as to the use of the parking area. If it does not, the common law concept of the necessity of access as well as common sense supports the conclusion in this case that the lease by implication included the reasonable right of access to the leased premises and of the parking area. We find no basis to disagree with the factual finding that the owners' landscaping plans would unreasonably interfere with the lessee's right to access and use of the parking lot.
However, there is no similar basis for a finding that the lease granted by implication the irrevocable leasehold right to erect and maintain a sign in the parking area. Without dispute neither the original lessee nor the present lessee had express permission from Mr. Murcia, or the present owners to erect or maintain the sign in the parking area. At most the present lessee had a license to maintain the sign arising by implication from the fact that Mr. Murcia tacitly permitted the sign to be erected and maintained. Even if Mr. Murcia had orally given express permission for the erection and maintenance of the sign such express permission would constitute only an express license.
A license, whether express or implied, is not a right but is a personal privilege, not assignable without express permission. Not being an interest in land it is not subject to the statute of frauds. A "license" is defined to be an authority to do a particular act, or series of acts, upon another's land without possessing any estate therein. No consideration is required to create a license. See 1A Thompson on Real Property §§ 215-218 (1980 Ed.). The distinctive characteristic of a license is that it may always be made by parol and that it is, in its very nature, necessarily revocable at will. On the other hand, an irrevocable right to use the land of another creates an easement interest in land and is required by statutes[1] to be in writing; otherwise an easement can only be created by prescription.[2]
A sale or conveyance of property to which a license has been granted effectively revokes the license. See Roux v. Houk, 101 Fla. 64, 133 So. 853 (1931); Burdine v. Sewell, 92 Fla. 375, 109 So. 648 (1926); High v. Jasper Mfg. Co., 57 Fla. 437, 49 So. 156 (1909). When Mr. Murcia conveyed title to the business complex to the present owners, his implied license to the present lessee to maintain the sign in the parking lot was revoked. The present owners did not give the lessee any license or right to maintain the sign in the parking lot and, as owners of the land, they had the right to remove the sign which encroached upon their property interest without liability to the owner of the sign for such removal. Accordingly, both the preliminary and permanent injunctions were erroneously issued and the present owners did not breach the lease by removing the sign from the parking area. Therefore, the award of $20,000 in damages was erroneously awarded.
Depending chiefly upon the intention of the original lessee at the time the sign was erected in the parking area the sign was either a fixture or it was not. If the sign was a fixture while it was physically affixed to the realty, it was an accessory to the realty and a part and parcel of it. See Thompson, supra, at § 55. The general rule is that whatever is affixed to the realty becomes part thereof and partakes of its incident and properties and may not be severed and removed without consent of the owner of the land but may be removed by the landowner as the landowner's property. The sign when severed from the parking lot by the present *96 landowners was placed by them behind the building leased by the present lessee. The evidence is insufficient to establish that the present owners intended to deprive the lessee of possession of the sign as distinguished from an intention to remove the sign from the parking lot. The facts do not support an action for conversion on any ground and the award of $5,000 in compensatory damages and $250,000 for punitive damages was erroneously entered.
The lease between Mr. Murcia, as lessor, and the present lessee provides:
5. Maintenance: Lessor agrees to maintain and keep in a good state of repair all exterior parts of the building leased hereunder.
The present owners maintain that this lease provision does not require such maintenance to be so absolute as storm water must be prevented from ever entering the interior of the premises and that the trial court erred in construing the lease in question to place upon the present owner a duty to keep rain out of the restaurant building. A building that leaks and allows rain water to penetrate to the inside cannot be said to be kept in a good state of repair. While it is true that the lessor under the lease did not have the absolute duty to prevent all storm water from ever entering the interior of the restaurant the facts in the case show that there was major water damage occurring over two years. In light of the evidence the trial court did not err in giving a special jury instruction and the award of $1,500 is approved.[3]
Accordingly, the preliminary and permanent injunctions are determined to have been improperly entered and the permanent injunction is vacated. As a matter of law the present lessee did not have a legal right to maintain the sign in the parking area and the present owners had the legal right to remove it. The award of $20,000 for breach of the lease by virtue of removing the sign in the parking lot is reversed, as is the award of $5,000 in compensatory damages and $250,000 punitive damages award for the alleged conversion of the sign. The award of $1,500 as damages for breach of the lease provision to maintain and keep the exterior parts of the leased building in a good state of repair is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] See §§ 689.01, Fla. Stat., and 725.01, Fla. Stat.
[2] See Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983).
[3] We note that the present owners of land bought subject to an existing lease are being held personally liable for breach of a lease provision although there is no evidence in the record that the present owners entered into a novation agreement or otherwise expressly assumed the covenants in the lease wherein the original lessor, Mr. Murcia, agreed to maintain and make repairs to the leased building. Because this point was not presented below or on appeal we make no decision with respect to it.