537 So.2d 92 (1989)
TEXACO, INC., Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
No. 71914.
Supreme Court of Florida.
January 5, 1989.
S. Cary Gaylord, S.W. Moore and Alan E. DeSerio of Brigham, Moore, Gaylord, Schuster & Sachs, Tampa, for petitioner.
Maxine F. Ferguson, Appellate Atty. and Thomas H. Bateman, III, General Counsel, Dept. of Transp., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Department of Transportation v. Schatt, 519 So.2d 708 (Fla. 2d DCA 1988). The district court, relying on Department of Transportation v. Standard Oil Co., 510 So.2d 324 (Fla. 2d DCA 1987), held that Texaco, as a long-term lessee which subleased an automobile service station to a dealer-operator and was the wholesale supplier of products to the dealer, was not entitled to business damages under the provisions of section 73.071, Florida Statutes (1985), and certified the following question as being of great public importance:
IS A LESSEE OF PROPERTY PARTIALLY TAKEN BY EMINENT DOMAIN ENTITLED TO BUSINESS DAMAGES PURSUANT TO SECTION 73.071(3)(b), FLORIDA STATUTES (1985), WHEN THE LESSEE IS A WHOLESALE SUPPLIER OF PRODUCTS TO A SUBLESSEE WHO OPERATES A RETAIL BUSINESS ON THE PROPERTY AND THE LESSEE ASSISTS ITS SUBLESSEE IN THAT RETAIL BUSINESS BY, FOR EXAMPLE, HAVING CONSTRUCTED THE BUILDING AND OTHER PHYSICAL IMPROVEMENTS USED BY THE RETAIL BUSINESS, ALLOWING THE BUSINESS TO BE OPERATED UNDER THE LESSEE'S *93 NATIONALLY RECOGNIZED COMPANY NAME WITH LESSEE'S SIGNS AND TO USE THE LESSEE'S CREDIT CARD SERVICES, CONDUCTING SITE INSPECTIONS AT THE BUSINESS TO ENSURE COMPLIANCE WITH THE LESSEE'S STANDARDS, AND PAYING THE REAL ESTATE TAXES ON THE PROPERTY?
519 So.2d at 709. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the negative and approve the decision of the Second District Court of Appeal.
The issue in this cause arises from a taking in eminent domain by the Department of Transportation of a portion of property which had been leased by Texaco since September, 1971. Located upon the property was a Texaco-constructed service station. Texaco subleased the property to a dealer-operator. Under the lease agreement, Texaco was responsible for the payment of all real estate taxes assessed on the land or improvements. Texaco and the dealer entered into several agreements which provided in part that the dealer was to run the service station in accordance with Texaco standards, that the dealer could sell only Texaco gasoline, and that Texaco had the right to enter the premises at any time and inspect the operations to ensure compliance with Texaco standards. In addition, Texaco licensed the use of its trade name, trademarks and brand names to the dealer and assisted the dealer in marketing the petroleum products at the site. The employees operating the station on the site were employees of the dealer, not Texaco, and the only occupational license issued for the business at the site was in the name of the dealer. Further, any operating losses incurred by the service station were to be borne by the dealer.
Both Texaco and the dealer claimed business damages under section 73.071(3)(b). In addition to holding the dealer was entitled to business damages, the trial court held that Texaco retained a sufficient interest in the property by virtue of its lease, sublease, and contractual agreements with the dealer to also qualify for business damages under the statute, and that the sublessee's interest did not preclude Texaco from claiming business damages. The district court, relying on its Standard Oil decision, reversed the trial court's final judgment in its award of business damages to Texaco.[1]Schatt, 519 So.2d at 708. In Standard Oil, the Second District Court held that a wholesale supplier of gasoline products to a dealer of a service station did not have the necessary physical existence at the condemned location, as required by statute, to be entitled to business damages. 510 So.2d at 327.
At the outset, we recognize that we have expressly stated that business damages are incidental and consequential damages which are allowed as a matter of legislative grace and not required by the provisions of either the Florida or United States Constitutions. Backus v. Fort St. Union Depot Co., 169 U.S. 557, 18 S.Ct. 445, 42 L.Ed. 853 (1898); Jamesson v. Downtown Dev. Auth., 322 So.2d 510 (Fla. 1975); see also 3 Nichols, The Law of Eminent Domain § 13.3 (1988). In Jamesson, we stated: "The right to business damages is a matter of legislative grace, not constitutional imperative. Lost profits and business damages are intangibles which generally do not constitute `property' in the constitutional sense." 322 So.2d at 511 (citations and footnote omitted). We recently reaffirmed that holding in Department of Transportation v. Fortune Federal Savings & Loan Association, 532 So.2d 1267 (Fla. 1988), and Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla. 1983). A number of district court decisions have recognized these principles and followed our prior holdings. Sasnett v. Tampa Elec. Co., 513 So.2d 157 (Fla. 2d DCA 1987); Florida Power & Light Co. v. First Nat'l Bank & Trust Co., 448 So.2d 1141 (Fla. 4th DCA 1984); Volusia County v. Pickens, 439 So.2d 276 (Fla. 5th DCA *94 1983); City of Miami v. Coconut Grove Marine Properties, 358 So.2d 1151 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 932 (Fla. 1979); Matthews v. Division of Admin., 324 So.2d 664 (Fla. 4th DCA 1975).
Texaco contends that this Court, in our earlier decision in Meyers v. City of Daytona Beach, 158 Fla. 859, 30 So.2d 354 (1947), expressly held that a business was entitled to business damages under the constitutional requirement of full compensation and that Meyers should control. Texaco asserts that we should now overrule or disapprove all the subsequent Supreme Court and district court decisions addressing this issue. We reject Texaco's contention that our decision in Meyers is controlling. The issue in Meyers was not whether a particular property owner was constitutionally entitled to business damages. The issue in Meyers was whether a jury may award a property owner less than the lowest amount fixed by the evidence in a condemnation proceding. In answering that question in the negative, we held that an award of anything less than the lowest amount fixed by the evidence fell short of "full compensation" guaranteed by our constitution. The issue of whether the property owner was entitled to business damages as a constitutional right was not the issue addressed in that cause.
We reaffirm our previous holdings in Jamesson, Fortune Federal, and Tampa-Hillsborough County that the right to receive business damages resulting from a taking of land in an eminent domain proceeding is strictly a statutory right granted in this state by section 73.071(3)(b), Florida Statutes (1985).[2] That statute requires that a business must have had a physical existence for more than five years on the property partially taken to be entitled to business damages. Further, under its provisions, no business damages may be awarded if the entire property on which the business is located is taken. In the instant case, although Texaco may derive income from the sale of gasoline at the station site, Texaco employees did not operate the business at this location; the dealer-operator of that service station was the one who would suffer the business losses if any occurred. Furthermore, Texaco was only a passive distributor-wholesaler and did not possess a license to do business at this location nor did it sell gasoline to the public at this location. We hold that under these facts Texaco did not have the requisite physical existence on the condemned property to be entitled to business damages under section 73.071(3)(b). In our view, a wholesaler of products for resale would be entitled to business damages only if it were conducting its wholesale business and generating its profits from that business on the condemned property.
We also reject Texaco's equal protection claim. We fully agree with the Second District's interpretation of the business damages statute that recognizes a distinction between wholesalers (like Texaco) which deliver products to a business located on the condemned property and retailers (like the dealer) which actually operate on the property. Contrary to Texaco's contention, this does not create an unreasonable, unconstitutional classification. The classification, as it has been defined by the legislation and subsequent case law, is reasonable and constitutional. We agree with the district court that to adopt Texaco's view "could place Texaco in a classification like that of multitudes of wholesale suppliers and others only indirectly affected by an eminent domain taking, thereby opening the door to innumerable claims." Schatt, *95 519 So.2d at 708-09. That, in our view, was clearly not the intent of the legislature when it enacted section 73.071.
We expressly approve in full the decision of the district court of appeal in the instant case and its decisions in Department of Transportation v. Standard Oil Co., 510 So.2d 324 (Fla. 2d DCA 1987), and City of Tampa v. Texas Co., 107 So.2d 216 (Fla. 2d DCA 1958), cert. denied, 109 So.2d 169 (Fla. 1959).
Accordingly, we deny the petition for review and deny the request for attorney's fees.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The district court did not address the award of business damages to the dealer-operator of the service station.
[2] Section 73.071(3)(b), Florida Statutes (1985), provides in pertinent part as follows:

(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
... .
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation ... for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause... .