538 So.2d 142 (1989)
PALM BEACH COUNTY, Appellant,
v.
Ziyad AWADALLAH and Adnan Awadallah, et al., Appellees.
No. 87-3261.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
*143 John Beranek of Klein & Beranek, P.A., and Johnston Sasser Randolph & Weaver, West Palm Beach, for appellant.
Alan E. DeSerio of Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Tampa, for appellees.
PER CURIAM.
This is an appeal from a final judgment rendered by the Palm Beach County Circuit Court in an eminent domain action. We reverse the award of business damages and conclude that one point merits discussion.
The County concedes that it never raised at the trial court level, as a defense to the business damage claim, that the property owners' business was located entirely within the area of the taking and thus business damages were not statutorily authorized. The County contends that its failure to raise this point below does not preclude this court from considering it on appeal since the error is fundamental as it relates to the existence of a cause of action or the right of recovery. It has been held that where a judgment is predicated on a verdict award that is contrary to the law and not permissible by law, the judgment based thereon constitutes fundamental error and is reviewable on appeal notwithstanding the absence of an objection at the trial court level. Keyes Company v. Sens, 382 So.2d 1273 (Fla. 3d DCA 1980). In the instant case, the jury verdict and the judgment are contrary to the law in that one of the elements for the awarding of business damages, that the business be located on adjoining land owned by the party whose property is being taken, was not satisfied. We agree with the County's contention here that the fundamental error concept is applicable.
The statutory section relevant to the instant case is section 73.071(3)(b), Florida Statutes (1987), which provides that:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages.
*144 (Emphasis added). The County cites to the case of State Road Department v. Bramlett, 189 So.2d 481, 483 (Fla. 1966), wherein the Florida Supreme Court noted that business damages are not recoverable where the business concerned was located on lands being taken by eminent domain rather than on adjoining lands. The parties in the instant case agree that the country store was located on the 2.7 acres of the property being taken and that there were storage buildings on the adjoining 67.3 acres of the property. What appears to be in dispute is whether the storage buildings on the adjoining property constituted part of the "business" so as to entitle the property owners to the $1,250,000.00 in business damages awarded them by the jury pursuant to section 73.071(3)(b), Florida Statutes.
In State Department of Transportation v. Standard Oil Company, Inc., 510 So.2d 324, 326 (Fla. 2d DCA 1987), the Second District found that "for purposes of establishing that one's business has a physical existence at a certain location for the purposes of section 73.071(3)(b) it is necessary to show that it is an identifiable location from which business ... is solicited, accepted, or conducted." See also Division of Administration, State of Florida Department of Transportation v. Lake of the Woods, Inc., 404 So.2d 186, 188 (Fla. 4th DCA 1981). The Second District further stated that it had defined "business" as 
the activity, the energy, the capacity, and the opportunities by which results are reached  a condition rather than a fixed tangible object from which a condition arises. Hodges v. Division of Administration, 323 So.2d 275 (Fla. 2d DCA 1975). Although the legislature has not chosen to define business location for the purposes of section 73.071(3)(b), in other acts, the legislature has defined a service location as a permanent location in or from which a licensee solicits, accepts, or conducts business, § 401.23(24), Fla. Stat. (1985), and defined a business location as any advertised permanent location in or from which pest control business is solicited, accepted or conducted. § 482.021(3), Fla. Stat. (1985).
A review of the record in the instant case fails to disclose any evidence tending to show that business was ever solicited, accepted, or conducted from the storage buildings located on the property adjoining the land taken. The only evidence of a business, as defined by the Second District Court, was testimony relating to the operation of the country store which was located on the land actually taken.
The Florida Supreme Court, in Texaco, Inc. v. Department of Transportation, 537 So.2d 92 (Fla. 1989), stated:
[W]e recognize that we have expressly stated that business damages are incidental and consequential damages which are allowed as a matter of legislative grace and not required by the provisions of either the Florida or United States Constitutions.
... .
We reaffirm our previous holdings in Jamesson, Fortune Federal, and Tampa-Hillsborough County, that the right to receive business damages resulting from a taking of land in an eminent domain proceeding is strictly a statutory right granted in this state by section 73.071(3)(b), Florida Statutes (1985). That statute requires that a business must have had a physical existence for more than five years on the property partially taken to be entitled to business damages. Further, under its provisions, no business damages may be awarded if the entire property on which the business is located is taken.
(Footnotes omitted).
Since damages to a business entirely located on land appropriated in an eminent domain proceeding are not compensable, the judgment awarding business damages to the property owners must be reversed.
GLICKSTEIN and GARRETT, JJ., and KAHN, MARTIN D., Associate Judge, concur.