PATTERSON, Judge.
This appeal concerns three orders entered in an eminent domain action. The Tampa-Hillsborough County Expressway Authority (the Authority) is the condemning authority, Thomas Land Company and RKS Corporation are the landowners, and The Night Flight, Inc. (Night Flight), is a lessee of a part of the building on the land which was condemned. We reverse in part and dismiss in part for lack of jurisdiction.
We first direct our attention to the order of August 10, 1993. The order was precipitated by the landowners’ motion to determine entitlement to apportionment between the landowners and the tenant. The Authority was not a party to the motion. Following an evidentiary hearing on September 15,1992, the trial court entered its order, which determined, based upon the lease between the landowners and Night Flight, that Night Flight was not entitled to apportionment of either the good faith deposit or any additional compensation the Authority was to pay to the landowners. The order fully and finally adjudicated the only issue between these parties. It was a final order which commenced the running of the thirty-day period to appeal. See City of St. Petersburg v. Division of Admin., Dep’t of Transp., 276 So.2d 229 (Fla. 2d DCA 1973); Hatch v. Minot, 369 So.2d 974 (Fla. 2d DCA), cert, dismissed, 373 So.2d 458 (Fla.1979). The notice of appeal, filed August 9, 1994, is therefore untimely, and we dismiss this appeal as to the order of August 10, 1993, for lack of jurisdiction.
The trial court also entered an interim order dated October 14, 1993, which denies Night Flight’s motion for summary judgment against the Authority. That motion sought adjudication of Night Flight’s entitlement to business damages and dam *1003 ages arising from the loss of the leasehold estate, including a remainder parking lot which was not part of the taking. The motion was supported by the affidavit of Suzanne C. Hutchins, president of Night Flight, which attested in part that the parking lot was an integral part of the business property of Night Flight.[1] In denying the motion, the court found “[t]hat the defendant, The Night Flight, did not have an ongoing established business on the remainder property.” Although the court has authority to make a determination of uncontroverted facts under Florida Rule of Civil Procedure 1.510(d), that conclusion has absolutely no support in this record. Accordingly, we vacate the order of October 14,1993, in its entirety.
Last, we look to an order dated July 11, 1994, which dismissed with prejudice Night Flight’s counterclaim for damages against the Authority. That order resulted from the Authority’s motion to dismiss made pursuant to Florida Rule of Civil Procedure 1.420(b), apparently in an attempt to circumvent the notice requirements of Florida Rule of Civil Procedure 1.510. Such a motion can only be made at the conclusion of the presentation of the plaintiffs evidence in a nonjury trial; therefore, it is a nullity in the context of this case. It follows that the July 11, 1994, order on the motion is also a nullity, and must be reversed.
The effect of our holding is to place the lawsuit between the Authority and Night Flight in the procedural posture it occupied before the hearing on Night Flight’s motion for summary judgment. That motion may be re-noticed for hearing. Likewise, the Authority may assert by a proper motion for summary judgment those matters which were the subject of its unauthorized motion to dismiss.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.

. There was one building on the land, the entirety of which was taken. The front section of the building housed a lounge owned and operated by the landowners. The rear section was occupied by Night Flight as a "bottle club.”