702 So.2d 538 (1997)
The NIGHT FLIGHT, INC., Appellant,
v.
TAMPA-HILLSBOROUGH COUNTY EXPRESSWAY AUTHORITY, for the Use and Benefit of STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellee.
No. 96-04147.
District Court of Appeal of Florida, Second District.
October 29, 1997.
Rehearing Denied November 26, 1997.
Matias Blanco, Jr., Tampa, for Appellant.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.
BLUE, Judge.
This eminent domain case requires that we determine whether the record contains factual issues pertaining to relocation expenses and business damages which would preclude the entry of a final summary judgment. The Night Flight, Inc. asserts the trial court erred in granting a summary judgment in favor of Tampa-Hillsborough County Expressway Authority (Expressway Authority) on a finding that Night Flight was not entitled to relocation expenses or business damages. Night Flight also contends it was error to deny its motion for summary judgment claiming entitlement to business damages as a matter of law. Expressway Authority concedes the summary judgment in its favor was improper on the question of relocation expenses because the record contains unresolved factual questions. We conclude there also remain disputed issues of fact which preclude summary judgment in favor of either Expressway Authority or Night Flight on the question of business damages. Accordingly, we reverse the final judgment entered in favor of Expressway Authority.
This is the second appeal in which Night Flight, as the lessee of a building, claims relocation expenses and business damages as the result of the taking of the building in which its after hours bottle club was located. See The Night Flight, Inc. v. Tampa-Hillsborough County Expressway Auth., 668 So.2d 1001 (Fla. 2d DCA 1996). Night Flight contends the reversal of the trial court's denial of its motion for summary judgment in the prior case constitutes the law of the case and therefore the denial of the motion in this case was error. We reject this argument. A careful reading of the prior opinion of this court reveals that the reversal was the result of a finding by the trial court that directly conflicted with an affidavit of Night Flight and was thus not *539 supported by the record. The prior opinion did not order the granting of the motion, but remanded the case for another hearing. We agree the trial court properly denied the motion at the new hearing because there remain issues of fact which are disputed.
We hold the disputed record facts may entitle Night Flight to some business damages. It appears that the damages are limited by the unique facts giving rise to this claim and thus require discussion. Night Flight conducted a bottle club business in a leased Tampa building that was entirely taken by the Expressway Authority in an eminent domain proceeding. Night Flight's business damages claim is based on its use of the parking lot adjoining the building. Night Flight did not expressly lease the parking lot, but claims the right to use the property pursuant to the following language in the lease agreement: "including parking privileges between the hours of 2:00 a.m. to 9:00 a.m. every day." Night Flight's bottle club business apparently operated between the hours of 2:00 a.m. and 9:00 a.m.
In order to be entitled to business damages, Night Flight would be required to establish that the condemnation was a "partial taking." See Weaver Oil Co. v. City of Tallahassee, 647 So.2d 819, 822-23 (Fla.1994) (finding "statutory business damages under section 73.071 [Florida Statutes (1991)] may not be recovered unless such business damages are caused by a partial taking of land"). Night Flight argues the condemnation in this case was a partial taking because, although the entire building leased to Night Flight was taken, the parking lot was not.
Night Flight's claim for business damages relies on the affidavit of Suzanne C. Hutchins, the president and sole stockholder of Night Flight. Hutchins maintained that Night Flight conducted revenue generating and solicitation activities in the parking lot adjacent to the condemned building. The alleged activities included an aloha theme party, a fund raising car wash, an Easter egg hunt, Fourth of July celebrations, a volleyball game, and a birthday party. Hutchins alleged the lease agreement authorized Night Flight to use the parking area for these activities.
Night Flight appears to be under the impression that the business damages claim entitles it to recover any lost profits from the operation of the bottle club. This, we determine, is not the law. Where less than the entire property is appropriated, only reasonable damages to an established business located on the unappropriated adjoining land are compensable under section 73.071(3)(b).
Because Night Flight's claim for business damages would be limited to lost profits from the activities allegedly conducted on the adjoining lands not taken in the condemnation action, its entitlement to business damages would depend upon its ability to prove the alleged parking lot activities constituted an established and continuous business on adjoining lands. See State, Dept. of Transp. v. Standard Oil Co., 510 So.2d 324, 326 (Fla. 2d DCA 1987) (finding "for the purposes of section 73.071(3)(b), it is necessary to show that [the adjacent property] is an identifiable location from which business is ... solicited, accepted, or conducted"). For example, in Palm Beach County v. Awadallah, 538 So.2d 142, 144 (Fla. 4th DCA 1989), the Fourth District denied business damages to a landowner who had storage buildings on the 67.3 acre parcel adjoining a country store taken in an eminent domain proceeding because the record failed to disclose that business was ever "solicited, accepted, or conducted" from the adjoining parcel.
In addition to establishing the existence of a business on adjoining lands, Night Flight must show the activities alleged by Hutchins were carried on continuously for a period of more than five years before the taking. See Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 929 (Fla.1983). Finally, Night Flight must demonstrate it was authorized, either by contract, license, or otherwise, to hold such events between the hours of 2:00 a.m. and 9:00 a.m. in an area apparently restricted to parking.
Assuming Night Flight could establish these criteria, we cannot imagine the damages could be anything but minimal. However, based upon the allegations in the record that business activities were conducted on *540 the remainder property, Night Flight could go before a jury and ask for recovery of lost profits from these events.
Because we agree there remain disputed issues of fact as to relocation expenses, as conceded by the Expressway Authority, and conclude there remain disputed issues of fact as to the business damages claim, neither party is entitled to a summary judgment. Accordingly, we reverse the final judgment in favor of Expressway Authority denying Night Flight's claim for relocation expenses and business damages as a matter of law. The same factual questions as to business damages require that we affirm the denial of the summary judgment in which Night Flight claims entitlement to business damages as a matter of law.
Affirmed in part; reversed in part; and remanded for further proceedings.
DANAHY, A.C.J., and LAZZARA, J., concur.