STEVENSON, J.
The instant appeal stems from the Department of Transportation’s (“DOT”) condemnation of 1.359' acres of a 2.072-acre parcel owned by the appellants, One Stop 76, Inc. and Alfonso and Clemencia Castro. The parties settled the appellants’ claim for real property damages, but went to trial on the issue of business damages. At the conclusion of the evidence, the trial court directed a verdict in favor of DOT after finding that there was no evidence that anything other than activities that were separate .and distinct from the business of the convenience store, located on the portion of the property that was taken, were conducted on the remaining, un-con-demned. portion of the parcel. Our review of the record indicates that there was some evidence, that the appellants were engaging in business activities on the remaining portion of the parcel and the question of whether such activities were part and parcel of the business of the convenience store or separate and distinct is one that should have been resolved by the jury. See generally Blockbuster Video, Inc. v. Department of Transp., 714 So.2d 1222 (Fla. 2d DCA 1998); Palm Beach County v. Awadallah, 538 So.2d 142 *963 (Fla. 4th DCA), review denied, 548 So.2d 662 (Fla.1989).
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ„ concur.