KLEIN, J.
The DOT, in this eminent domain case, took property which included the entire building in which a store was operated. On the remainder not taken there was a well which supplied water to the business. The property owner argues that it is entitled to business damages because, as a result of the well being left on the remainder, it was only a partial taking of the business. We disagree.
The business was a convenience store, and all of the building, which was where all of the business was transacted, was taken. The property owner contends that this was only a partial taking of the business, because the well supplying water to the business, located about 100 feet away, was the remainder. The property owner emphasizes, although we do not think it is significant, that the county ordinances required the store to have a supply of water, which necessitated the well, and that the well had to be located away from the store so that it was not too close to the septic tank.
Section 73.071(3)(b), Florida Statutes (1997), provided:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may *193 reasonably cause; any person claiming the right to recover such special damages shall set forth in his or her -written defenses the nature and extent of such damages. (Emphasis added.)
This statute is strictly construed in favor of the DOT. Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926 (Fla.1983).
This case is controlled by Palm Beach County v. Awadallah, 538 So.2d 142, 144 (Fla. 4th DCA 1989), in which the entire building containing a country store was taken, but storage buildings were on the remainder. Because there was no evidence that the business of the country store was ever “solicited, excepted or conducted” from the storage buildings, we reversed the award for business damages. See also, State, Dep’t of Transp. v. Standard Oil Co., 510 So.2d 324, 326-27 (Fla. 2d DCA 1987)(to recover business damages, business must be “solicited, accepted, or conducted” on remainder).
The cases relied on by the property owner are distinguishable. In Young v. Hillsborough County, 215 So.2d 300 (Fla.1968), the entire building in which the business was operated was not taken, but rather the taking resulted only in the loss of a portion of the building.
Night Flight, Inc. v. Tampa-Hillsborough County Expressway Authority ex rel. State DOT, 702 So.2d 538 (Fla. 2d DCA 1997), is also distinguishable because, although the entire building was taken, there was evidence that business was also being conducted through activities which were operated on the remaining parking lot. One Stop 76, Inc. v. DOT, 762 So.2d 962 (Fla. 4th DCA 2000), is also distinguishable because there was evidence of business activity on the remaining portion.
In the present case there was no evidence of business activity on the remainder, and we therefore affirm the summary judgment.
The property owner also argues that the trial court erred in awarding fees for only one of its two appraisers. These appraisers evaluated the property which was taken, not the business damage claim, and they were $100,000 apart. The trial court ruled that the property owner could only put on one of the appraisers because the testimony would be duplicative.
The trial court refused to award fees for the appraiser who did not testify, pointing out that the property owner put on no evidence as to why there was a need for a second appraisal or how the second appraisal contributed to the result obtained by the property owner. The property owner argues that there is no per se rule against having two appraisers, and we agree. On the other hand, the property owner cites no authority requiring that fees be awarded for both appraisers, where only one is permitted to testify. Our standard of review on this issue is abuse of discretion, Plante v. Canal Authority, 218 So.2d 243 (Fla. 1st DCA 1969). We find no abuse here.
Affirmed.
SHAHOOD and HAZOURI, JJ., concur.