GRIFFIN, J.
 

 L-N-W Pizza [“L-N-W’] appeals the trial court’s summary final judgment dismissing L-N-Ws business damages claim in an eminent domain proceeding brought by the Florida Department of Transportation [“DOT”] to take land for a drainage easement.
 

 MH New Investments, LLC, owned property which was the subject of DOT’s action, but L-N-W had a long term lease and had, for many years, operated a pizza restaurant and delivery business there. The area to be taken was a portion of the parking lot.
 

 DOT sought dismissal of the business damages claim on the ground that L-N-W did not have an interest in the real property at issue, only a license to use the real property. DOT attached a portion of the lease agreement, which provides in pertinent part:
 

 SECTION 1.
 
 PREMISES.
 
 The Lessor does hereby lease and demise unto
 
 *1072
 
 the Lessee, and the Lessee does hereby rent and take as tenant under the Lessor, the following described premises (the “Premises”):
 

 The address of said unit being 6310 West Colonial Drive, Orlando FL.
 

 It shall be conclusively presumed, for all purposes under this Lease, that the Premises contain a total of one thousand seven hundred (1,700) square feet.
 

 SECTION 2.
 
 LICENSE. Lessor does hereby grant to Lessee a nonexclusive license for the use and enjoyment of those certain areas appurtenant to the Premises, consisting of all walkways and approaches to the Premises and the parking area adjacent thereto. The license
 
 granted hereby shall exist only during the term of this Lease, and
 
 shall terminate simultaneously with any termination of the Lease.
 

 (Emphasis supplied). L-N-W contends that, in spite of the denomination of its interest in the common areas and parking lot as a “license,” it is, in fact, a nonexclusive easement to utilize the common areas, including parking and approaches, during the term of the lease. L-N-W pointed out that it was obliged to pay a fee for maintenance of the common areas.
 

 The trial court concluded that L-N-W’s right to use and enjoy the common areas, driveway and parking lot, was only a license. The trial court reasoned that because the term “license” was used, only a license was intended. Because a license will not support a business damages claim under section 73.071(3)(b), Florida Statutes, the trial court dismissed the claim. We reverse.
 

 In order to be compensated under section 73.071(3)(b) for business damages resulting from a partial eminent domain taking, the party to be compensated must have an interest in the real property taken. Since a license to use real property is a privilege to use, not an interest in real property, business damages may not be predicated upon a license to use real property.
 
 See Brevard County v. Blasky,
 
 875 So.2d 6, 12 (Fla. 5th DCA 2004) (a license “is a personal privilege, and generally may be revoked at the pleasure of the grant- or”);
 
 Devlin v. The Phoenix, Inc.,
 
 471 So.2d 93, 95 (Fla. 5th DCA 1985) (“[a] license, whether express or implied, is not a right but is a personal privilege, not assignable without express permission”). The terminology used is not dispositive, however. Courts look to what a thing is, not what it is called. By its nature, a license is permissive and readily revocable at the option of the owner. Here, L-N-W had an express and enforceable right to use the areas at issue for the term of the lease. This is sufficient to support a claim for business damages in eminent domain.
 
 Night Flight, Inc. v. Tampa-Hillsborough County Expressway Auth.,
 
 702 So.2d 538 (Fla. 2d DCA 1997);
 
 Tatum v. Dance,
 
 605 So.2d 110, 112-13 (Fla. 5th DCA 1992); Jon W. Bruce & James W. Ely, Jr.,
 
 The Law of Easements and Licenses in Land
 
 § 2:9, 2-20-21 (2001).
 

 REVERSED.
 

 TORPY and COHEN, JJ., concur.